## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**May 28, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ADVANCED SALES, INC., )
by GARY E. NEELEY, PRESIDENT, )
)
     Plaintiff/Appellee, )
)    Appeal No.
)    01-A-01-9805-CH-00245
VS. )
)    Wilson Chancery
)    No. 97069
WILSON COUNTY, WILSON COUNTY )
BOARD OF ZONING APPEALS, )
KATHY DEDMON, d/b/a WILSON )
COUNTY BUILDING INSPECTOR, )
)
     Defendants/Appellants. )


APPEALED FROM THE CHANCERY COURT OF WILSON COUNTY
AT LEBANON, TENNESSEE

THE HONORABLE C. K. SMITH, CHANCELLOR


B. KEITH WILLIAMS
TAYLOR, TAYLOR, LANNOM & WILLIAMS
102 East Main Street
Lebanon, Tennessee 37087
    Attorney for Plaintiff/Appellee

MICHAEL R. JENNINGS
326 North Cumberland Street
Lebanon, Tennessee 37087
    Attorney for Defendants/Appellants


REVERSED AND DISMISSED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

In this appeal of a decision of the Wilson County Board of Zoning Appeals, we are asked to decide (1) when is the Board's decision entered for the purpose of calculating the sixty day time limit for appeal in Tenn. Code Ann. § 27-9-102, and (2) whether the Board's decision was arbitrary, illegal, or fraudulent. The Chancery Court of Wilson County held that the appeal was timely and overturned the decision of the Board. We reverse and dismiss the action.

## I.

On December 3, 1996, Gary Neeley, President of Advanced Sales, Inc. applied to the Wilson County Board of Zoning Appeals for permission to use a parcel of property zoned A-1 for "machine (mfg'd) sales & minimum repairs." The Board's minutes of December 20, 1996 reflect that the application was denied "based on staff recommendation and area resident concerns."

On February 19, 1997, Advanced Sales, Inc. filed a petition for certiorari in the Chancery Court of Wilson County alleging that the Board's decision was illegal, arbitrary, and capricious. The petition asserted that the use he was being denied was essentially the same as the use allowed by the Board to a prior landowner, and that the Board's denial was based exclusively on opposition from neighbors.

The Board moved to dismiss because the sixty day statute of limitations had run. The Board also filed an answer denying all the material allegations in the complaint. The chancellor overruled the motion to dismiss and found that the Board had acted arbitrarily in denying the application to use the property for the requested purposes. The court's order overturned the Board's decision and ordered that "the use on appeal sought by the plaintiff shall be granted to establish a machinery sales and machine repair shop and business on the 16.85 acres of A-1 zoned property owned by the plaintiff . . . ."

**II.**

Tenn. Code Ann. § 27-9-102 requires a petition for certiorari to review the actions of certain boards and commissions to be filed "within sixty (60) days from the entry of the order or judgment." The failure to file the petition within the statutory limit deprives the reviewing court of jurisdiction to consider the appeal. *Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn. App. 1994).

In this case the petition for certiorari alleges that, "on December 20, 1996 the Plaintiff Gary Neeley as President of Advanced Sales, Inc.; who is the current owner of the parcel in question appealed a decision of the building inspector that denied him the use of his property in a commercial enterprise. This appeal was denied." The face of the petition shows that it was filed on February 19, 1997. Thus, if the statutory period began to run on December 20, 1996, the petition was filed too late.

The petitioner alleges that the Board's "order or judgment" was not entered until January 24, 1997 when the Board met and approved the minutes of the December 20 meeting. We fail to find where that appears in the record. What does appear is the application dated December 3, 1996 reflecting a hearing date of December 20. Various notices to the public and to affected landowners appear in the record announcing a hearing date of December 20. The petition itself has a section on which to show the action of the Board. That section reflects that the petition was presented to the Board on December 20, 1996, and the entry, "Relief Denied," is circled on the form. It is true that the place on the form showing how the members voted is left blank, but there is no dispute that the Board voted unanimously to deny the petition. The form is signed by the Board secretary.

We think the Board's order or judgment was entered on December 20, 1996. The applicant relies on the case of *Carter v. Board of Zoning Appeals of City of Nashville*, 377 S.W.2d 914 (Tenn. 1964) for the proposition that the Board's order or judgment in this case was only "rendered" on December 20, 1996 and not "entered" until the Board approved the minutes in January of 1997. The *Carter* case, however, stands for an entirely different proposition. In that case the petition for certiorari alleged that the Board made an oral ruling on February 11, 1963, but the appellant filed a petition to rehear and the order of the Board was not entered until April 24, 1963. The petition for certiorari was filed on April 25, 1963.

The Supreme Court held that if the facts alleged in the petition were true, the petition was timely filed. The *Carter* case does not deal with the effect of a Board's action in approving its minutes at a later meeting. It deals only with a fact question as to when the Board's order was actually entered. In this case we think the record before the Board conclusively shows that the Board's action was entered on the record on December 20, 1996.

**III.**

Beyond the question of whether the petition was filed in time, we think the chancellor erred in reversing the Board's action. The chancellor's order stated that there was no material evidence to support the Board's decision and that the Board acted arbitrarily based on the prior use of the property and the use of the surrounding property.

We think all the proof is to the contrary; there is a complete lack of proof showing that the applicant was entitled to the use on appeal. Although the zoning ordinance is not in the record, the parties, without objection, quote from it in their briefs. They agree that the use proposed by the applicant is not allowed in an A-1

classification. The ordinance does, however, recognize that the Board may allow certain "uses on appeal" in an A-1 zone. These uses included "uses permitted or permissible on appeal in a C-1 neighborhood commercial district" (Section 5.20.03(V)) and "other similar uses as reviewed and approved by the Board of Zoning Appeals." (Section 5.20.03(W)). A C-1 neighborhood commercial district is described in the ordinance as a "restricted commercial district, limited to a narrow range of retail, service and convenience goods only."

There is no transcript of the evidence taken before the Board. The record does, however, contain a history of how this controversy arose. The prior owner, Mr. Tidwell, got Board approval of a use as a used car lot and repair shop. He also tried unsuccessfully to have the lot rezoned to a C-3 classification. On October 21, 1996 the Wilson County building inspector wrote the following letter to the applicant, Advanced Sales, Inc.

> I noticed that a crane and some hoppers have been placed on a tract of land located on Highway 231 South, prior owner being Mr. Chester Tidwell. After checking the tax records I find you as the new owner of the property.
>
> The property is Parcel 27 on Wilson County Tax Map 114. The property is zoned A-1 Agriculture. Mr. Tidwell went before the Board of Zoning Appeals December 1, 1989, at which time the Board granted the use of a used car lot repair shop. The property being Lot 5 Padgett Estates.
>
> With the property being zoned Agriculture, the only commercial use that can be conducted on the site is the use allowed, a used car lot and repair shop.
>
> If you desire to have a different commercial use on this tract you will need to make application to the Board of Zoning Appeals for the use. You make application in this office. We are located in Room 6, Basement of the courthouse, Lebanon, Tennessee and we are open Monday through Friday from 8:00 a.m. until 4:00 p.m.

Advanced Sales, Inc. then filed the application under consideration. The only description of the proposed use appears in the record as a Fact Sheet, and it shows the following:

Owners:     Gary E. Neeley, Murfreesboro, Tennessee
            Carlyle Neeley, Kendallville, Indiana

Business:   Sales of new and used industrial and materials
            handling equipment.

Gross Sales: 1995 - $58,255
             1996 - $375,000 (projected)
             1997 - $600,000 (budgeted)

Plan - Employees:    It is anticipated that Advance Sales, Inc.,
will employ 4-6 people by the end of 1997.

Plan - Site: The owners of the property at 3828 Murfreesboro
Road, assuming they are granted the appropriate use
variance on approximately five acres of the subject property,
plan to enclose the perimeter of the area granted the
variance with a suitable fence and construct a 60' X 100' pole
barn to house any machinery stored on the property.
Property is located on the property only for the time it requires
to find a suitable buyer and then perform any refurbishing
required by that buyer.

The owners plan to improve the building and immediate area
surrounding the building with appropriate driveway and
landscaping to enhance the appearance of the property from
the road.

The Board staff recommendations were as follows:

**1662 - Gary Neeley, Advance Sales, Hwy. 231 South**

Request is to establish manufactured machine sales and
minimal repair services on A-1 property.  The A-1 district
allows numerous uses on appeal including uses allowed in
the C-1 district.  Machine sales and repair service could be
considered heavy commercial/industrial use.   This site
already has numerous pieces of heavy equipment
(apparently used for asphalt or gravel production) already
stored on site, much of which may be unserviceable.  Staff
does not consider this use similar in nature to any of the uses
permitted or permitted on appeal in the A-1 district,
**recommend denial**.

Based on this record we cannot say that the Board acted arbitrarily in

denying the use on appeal.  We think the Board's conclusion that the use sought was

not similar to the uses in a C-1 neighborhood commercial district was based on substantial and material evidence. *See Hedgepath v. Norton*, 839 S.W.2d 416 (Tenn. App. 1992).

The applicant asserts that the chancellor correctly reversed the Board because the Board's decision was motivated entirely by neighborhood opposition. The minutes do reflect that the decision was influenced by neighborhood opposition, but that was not the sole reason. It is true that an administrative body cannot deny a landowner the right to use his property in a lawful manner because of the concerns of adjacent property owners. *Merritt v. Wilson Co. Bd. of Zoning Appeals*, 656 S.W.2d 846 (Tenn. App. 1983); *Father Ryan High School v. Oak Hill*, 774 S.W.2d 184 (Tenn. App. 1988). But these cases dealt with rights that the landowner was entitled to as a matter of course, once the conditions precedent had been satisfied. This case involves an interpretation of the zoning ordinance, a matter in which the Board's expertise is entitled to great deference. *C.F. Industries v. Tenn. Pub. Serv. Comm.*, 599 S.W.2d 536 (Tenn. 1980).

The judgment of the court below is reversed and the petition dismissed. Remand the case to the Chancery Court of Wilson County for any further proceedings necessary. Tax the costs on appeal to Advanced Sales, Inc.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE