Mrs. O. A. Carter, Appellant,

*v.*

Board of Zoning Appeals of the City of Nashville et al.,
Appellees.

377 S.W.2d 914.

(*Nashville,* December Term, 1963.)

Opinion filed April 8, 1964.

James M. Swiggart, Nashville, for appellant.

E. C. YOKLEY, Nashville, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The appellant, Mrs. O. A. Carter, has perfected an appeal from the order of the Chancery Court of Davidson County dismissing her petition for certiorari, filed in that Court, seeking a review of the action of the Board of Zoning Appeals of the City of Nashville in granting a Building Permit and Certificate of Occupancy for the operation of a diaper service laundry in a Commercial "A" zone in the city of Nashville.

The cause originated upon the appeal to the Board of Zoning Appeals by appellee Fred Dance, as agent of the owner of property located at 811 Gallatin Avenue, from the refusal to issue a Certificate of Occupancy to use the premises for the operation of a diaper service laundry and for offstreet parking of the service trucks of this laundry. The petition for certiorari filed in the Chancery Court alleges that this matter was heard by the Board

of Zoning Appeals on January 31, 1963 but that no decision was made at that time. It is further alleged that the Board held a special meeting on February 11, 1963 and the appellant heard that the Board at this meeting stated it would grant the relief sought by the agent of the property owner. Appellant alleges that, upon receiving this information, she filed with the Board a written request for a rehearing and received notice that the Board denied her request on February 28, 1963. The petition alleges that the order of the Board granting to Dance, as agent for the owner of the premises, the Building Permit and Certificate of Occupancy sought by him before the Board was issued on April 24, 1963. The petition for certiorari was filed in the Chancery Court by appellant on April 25, 1963. Pursuant to the fiat of the Chancellor, the writ of certiorari was issued by the Clerk and Master on April 26, 1963.

The petition for certiorari alleges that the action of the Board of Zoning Appeals in this case was illegal, arbitrary and void and in excess of the authority of the Board. It refers to certain ordinances of the City of Nashville which delineate the power and jurisdiction of the Board and refers to certain zoning ordinances of the City of Nashville and states the facts upon which the appellant contends the action of the Board was illegal, arbitrary and beyond the jurisdiction of the Board. It states that the Board of Zoning Appeals of Nashville was created pursuant to the authority conferred by T.C.A. sec. 13-705. As authorized by this statute, the City of Nashville enacted certain ordinances, which ordinances were continued in existence under the terms of Section 20.02 of the charter of the Metropolitan Government of Nashville and Davidson County.

On May 21, 1963 Dance, as agent of the owner of the property, filed a motion to dismiss the petition for certiorari, stating:

"The petition shows on its face that the decision of the Defendant Board of Zoning Appeals was *rendered* on February 11, 1963. This decision of the Defendant Board was a final decision respecting the merits of the appeal of the defendant Dance from the refusal of the Chief Building Inspector of Nashville to issue the requested permits, which appeal of the defendant Dance was sustained by the Defendant Board which authorized permits to be issued to the defendant Dance." (Emphasis supplied)

The motion to dismiss further states that the petition for certiorari was not filed within the sixty days allowed for the filing of such petition as provided by T.C.A. sec. 27-902 and prays that the petition be forthwith dismissed because not filed within the time provided by that Code Section. The Chancellor sustained the motion to dismiss and overruled appellant's petition to rehear.

The zoning ordinances of the City of Nashville were passed and the Board of Zoning Appeals was created pursuant to the authority conferred by Chapter 44 of the Public Acts of 1935, which is codified as T.C.A. sec. 13-701 et seq. This statute does not prescribe any method for judicial review of the action of the Board of Zoning Appeals.

The jurisdiction of the Chancery Court to issue writs of certiorari to review any final order or judgment of boards or commissions was first conferred by Secs. 9008 et seq., of the 1932 Code (now T.C.A. sec. 27-901 et seq.). Under these Code Sections, any party aggrieved by any

final order or judgment of any board or commission functioning under the laws of this State may have said order or judgment reviewed by the Courts, where not otherwise specifically provided, by filing a petition for certiorari in the Chancery Court "within sixty (60) days *from the entry of the order or judgment*". (Emphasis supplied)

The question presented by this appeal is whether or not under the averments of the petition for certiorari in the Chancery Court that petition was filed within sixty days from the entry of the order or judgment of the Board of Zoning Appeals. As stated, the petition alleges that on February 11, 1963 the Board met and complainant heard that the Board stated it would allow the property to be used as requested by the owner. The petition further states, "However, the Board entered no order or judgment at that time." The petition alleges further, "Then on April 24, 1963 the Board issued the following order". The petition for certiorari then quotes in full the order of the Board which is contained in the transcript of the proceedings before the Board, which was certified to the Chancery Court pursuant to T.C.A. sec. 27-909. In this transcript of the proceedings before the Board, this order shows a date of Monday, February 11, 1963. However, as stated, the petition for certiorari alleges the order was not "issued" until April 24, 1963. Under T.C.A. sec. 27-902, the time for filing the petition for certiorari runs from the *entry* of the order or judgment and not from the *rendition* of the judgment.

██ The distinction between the "rendition" of a judgment and the "entry" of a judgment or order was clearly pointed out by the Court in *Jackson* v. *Jarratt,* 165 Tenn. 76. 52 S.W.2d 137, in which the Court stated:

" 'Rendered' means expressed or announced in a conclusive manner and with decisive effect, certainly so when at the same time notation of it is made on a judgment docket, or other more or less permanent memorandum record kept by the Judge for the purpose. 'The rendition of judgment, and the entry of judgment, are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court. * * * To render judgment is to return or give judgment; and it can not be said, in our opinion, that the phrase, in any of its forms, includes the idea of making a written entry or record of a judgment.' " P. 79 of 165 Tenn., p. 138 of 52 S.W.2d.

In the Jackson case, the Court held that, although the then applicable statute (Section 8980 of the 1932 Code) required a motion for a new trial to be made at the term at which the decree sought to be affected is "rendered", a judgment could not be entered *nunc pro tunc* so as to cut off a party's right to appeal. The distinction between "rendition" of judgment and "entry" of judgment in the Jackson case seems to be universally recognized. The "entry" of judgment is the ministerial act by which enduring evidence of the judicial act of rendition of judgment is afforded. See cases collected in 14A, Words and Phrases, Perm.Ed., at Page 333 et seq. The rule is stated as follows in 3 Am.Jur., Appeal and Error, Section 430, Page 147:

"Under the statutes in some jurisdictions, the time within which a review proceeding must be taken and perfected begins to run from the rendition of the judgment, order, or decree. Under such statutes, the time is computed from the date when the judgment is pro-

nounced by the court, and not from the subsequent date of its entry by the clerk. In other jurisdictions, however, by reason of the statutory provisions, the time within which an appeal or error proceeding must be taken commences to run from the time of the entry of the judgment. The rights of parties are determined by the date of the actual entry, or of the signing and filing of the final decree, although it purports to have been entered on a prior day.''

No contention is made on this appeal that ''rendition'' of judgment and ''entry'' of judgment have a different meaning from that stated above in proceedings before administrative boards. In the brief of appellee, it is stated:

''* * * it is well settled that an administrative body can act only through its minutes of its proceedings.''

In *State Housing, Inc. v. City of Baltimore,* 215 Md. 294, 137 A.2d 708, the Maryland Court was called upon to determine whether or not judicial review of the Board of Zoning Appeals of the City of Baltimore was applied for within the time provided by statute. The Court, at page 710 of 137 A.2d stated:

''Nevertheless, we think there is a marked difference between thirty days 'after filing of the decision in the office of the board', and thirty days 'from the day upon which the board decided the matter.' Normally, the decision would precede the entry in the minute book. Without doing violence to the plain meaning of the language employed, we cannot hold that the Legislature meant the same thing when it referred to a different action.''

In *Spaulding v. Board of Appeals of Leicester*, 334 Mass. 688, 138 N.E.2d 367, a property owner sought a variance to permit the operation of an open air theater on certain property. Neighboring property owners objected. On January 6, 1954 the Board of Zoning Appeals met and heard proof on the application for a variance. The Board then went into executive session and voted unanimously to grant the variance. After so voting, the members of the Bord returned to the hall where the hearing had been held and announced its action to those who remained. On January 7, 1954 the Board filed with the Town Clerk a record of the votes of the members of the Board on this application for variance. The Massachusetts statute provided that any person aggrieved by the decision of the Board of Appeals may appeal to the Superior Court within fifteen days after such decision is recorded. By Statute, the Board was required to set forth the reasons for its decisions and file copies in the office of the Town Clerk. The formal order granting the variance was not filed with the Town Clerk until August 17, 1954. The neighboring property owners filed their appeal in the Superior Court on August 31, 1954. The Massachusetts Court held that the statutory period within which the appeal must be filed did not begin to run until the order of the Board stating the reasons for its action was filed with the Town Clerk on August 17, 1954 and, therefore, the appeal was filed within the fifteen days allowed by statute.

The briefs of counsel do not refer us to any decision which determines the time when the sixty days provided for in T.C.A. sec. 27-902 begins to run. Our investigation has revealed no such case. *Arendale v. Rasch,* 196 Tenn. 374, 268 S.W.2d 102, deals with a petition for certiorari

filed pursuant to Section 11, Chapter 613 of the Private Acts of 1931, and not a petition for certiorari filed pursuant to T.C.A. sec. 27-902. That case is therefore not applicable to the decision of the present case.

■ Since T.C.A. sec. 27-902 provides that the petition for certiorari may be filed within sixty days from the *entry* of the order of the Board, and since the petition for certiorari alleges that the Board entered no order on February 11, 1963 but issued its order on April 24, 1963, in our judgment, the petition for certiorari alleges that it was filed within the statutory time and does not show on its face that it was filed after the running of the statutory period.

The review of the action of the Board sought by the petition for certiorari is not a collateral attack upon the action of the Board, but is a direct attack upon the order of the Board. T.C.A. sec. 27-911 provides that the hearing in the Chancery Court shall be on the proof introduced before the Board contained in the transcript and upon such other evidence as either party may desire to introduce. Under this Code Section the appellant would be entitled to introduce proof tending to prove that the order was in fact entered on April 24, 1963 as alleged. If the proof sustains this allegation, then the petition was filed within the time provided by statute and appellant would be entitled to have the Chancery Court determine in this cause whether or not the action of the Board of Zoning Appeals was illegal or beyond the jurisdiction of the Board.

It results that the decree of the Chancery Court dismissing the petition for certiorari on motion is reversed and the cause is remanded for further proceedings.