JOHNNY W. RAINES,                        )
                                         )
        Plaintiff/Appellant,             )        Appeal No.
                                         )        01-A-01-9508-CH-00364
v.                                       )
                                         )        Davidson Chancery
CHARLES TRAUGHBER, Chairman,             )        No.  93-1860-III
TENNESSEE BOARD OF PAROLES,              )
et al,                                   )
                                         )
        Defendants/Appellees.            )

**FILED**

**December 18, 2001**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

JOHNNY W. RAINES
# 114237
R.M.S.I., UNIT 6
7475 Cockrill Bend Ind. Rd.
Nashville, Tennessee  37209-1010
        PRO SE PLAINTIFF/APPELLANT


CHARLES W. BURSON
Attorney General and Reporter

EUGENE J. HONEA
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, Tennessee  37243-0493
        ATTORNEYS FOR DEFENDANTS/APPELLEES

REVERSED AND REMANDED

O P I N I O N

This is an appeal by petitioner, Johnny W. Raines, from the trial court's dismissal of his petition for certiorari from a decision of the Tennessee Board of Paroles (Board).

Petitioner filed his petition on 28 June 1993. The Chancellor dismissed the petition holding that it was not filed within sixty days from the entry of judgment.

> Tennessee Code Annotated section 27-9-102 provides:
>
> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

The final disposition of petitioner's board of parole hearing is dated April 30, 1993. It does not bear a date which it was filed by the Board of Paroles.

The state argues that the date for the running of the sixty days within which to file certiorari runs from the date that the last member of the Board of Paroles signed off on the denial of parole, which is April 16, 1993. We respectfully disagree.

In *Carter v. Board of Zoning Appeals*, 377 S.W.2d 914, 916 (Tenn. 1964), the Supreme Court in dealing with this issue stated:

> In this transcript of the proceedings before the Board, this order shows a date of Monday, February 11, 1963. However, as stated, the petition for certiorari alleges the order was not "issued" until April 24, 1963. Under T.C.A. §27-902, the time for

filing the petition for certiorari runs from the *entry* of the order or judgment and not from the *rendition* of the judgment.

The distinction between the "rendition" of a judgment and the "entry" of a judgment or order was clearly pointed out by the Court in Jackson v. Jarratt, 165 Tenn. 76, 52 S.W.2d 137, in which the Court stated:

> "'Rendered' means expressed or announced in a conclusive manner and with decisive effect, certainly so when at the same time notation of it is made on a judgment docket, or other more or less permanent memorandum record kept by the Judge for the purpose. 'The rendi-tion of judgment, and the entry of judgment, are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court.
> * * * To render judgment is to return or give judgment; and it can not be said, in our opinion, that the phrase, in any of its forms, includes the idea of making a written entry or record of a judgment.'" P.79 of 165 Tenn., p. 138 of 52 S.W.2d.

In the Jackson case, the Court held that, although the then applicable statute (Section 8980 of the 1932 Code) required a motion for a new trial be made at the term at which the decree sought to be affected is "rendered," a judgment could not be entered nunc pro tunc so as to cut off a party's right to appeal. The distinction between "rendi-tion" of judgment and "entry" of judgment in the Jackson case seems to be universally recognized.

*Id.* at 916.

As we have stated, denial of parole from which the petition or certiorari is taken is dated 30 April 1993, but does not bear a date on which it was filed. However, we may presume that the instrument was not filed before the date contained within it. We are therefore of the opinion that the document was filed no earlier than 30 April 1993.

It therefore results that the petition of certiorari was filed within sixty days therefore, the judgment of the Chancellor dismissing the petition because it was not timely filed is reversed. The cause is remanded to the Chancery Court for further

3

necessary proceedings.  Costs on appeal are taxed to the Board of Parole.

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE