# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 7, 2005 Session

## LANCE GRIGSBY, ET AL. v. CITY OF PLAINVIEW

**Appeal from the Chancery Court for Union County**
**No. 4463     Billy Joe White, Chancellor**

---

### No. E2004-01644-COA-R3-CV - FILED JUNE 6, 2005

---

East Tennessee Pioneer Oil Company owned and operated a Spur convenience store in Plainview, Tennessee. As part of a bankruptcy proceeding, the Spur was sold at public auction. Potential purchasers were informed prior to the sale that the Spur was being sold with an active beer permit so long as the purchaser retained Wanda Cherry Evans ("Evans") as manager. In September of 2002, Lance and Lori Grigsby purchased the Spur, retained Evans as manager, and continued to sell beer after renaming the store the All American Market and Deli. On February 20, 2003, the beer board (the "Board") for the City of Plainview voted to revoke the beer permit. On July 3, 2003, the Grigsbys and Evans ("Plaintiffs") filed a complaint requesting the Trial Court grant a writ of certiorari and review the action of the beer board in revoking the beer permit. The City of Plainview (the "City") filed a motion to dismiss claiming that the Trial Court lacked subject matter jurisdiction because the complaint was not filed within sixty days from the entry of the Board's order or judgment and, therefore, the complaint was time barred. The Trial Court agreed and dismissed the complaint. We vacate the judgment of the Trial Court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Chancery Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and SHARON G. LEE, JJ., joined.

Michael G. Hatmaker, Jacksboro, Tennessee, for the Appellants Lance Grigsby, Lori Grigsby and Wanda Cherry Evans.

Jon G. Roach, Knoxville, Tennessee, for the Appellee City of Plainview.

# OPINION

## Background

Evans was the holder of a valid beer permit authorizing her to sell beer at the Luttrell Spur convenience store located in Plainview, Union County, Tennessee.[1] The Luttrell Spur was one of several businesses owned and operated by East Tennessee Pioneer Oil Company. In January of 1992, the City of Plainview was incorporated and shortly thereafter passed Ordinance No. 1, which prohibited the sale of beer within the City's corporate limits. Ordinance No. 1, however, excepted "those persons who held a valid beer permit from the county on January 10, 1992, and except only in the establishments listed on those beer permits on that date." The beer permit issued to Evans fell within this exception.

East Tennessee Pioneer Oil Company began experiencing financial difficulties, eventually culminating in that company filing for bankruptcy protection in 2002. The Luttrell Spur was put up for sale at public auction in September of 2002. Prior to the auction, the City's Mayor inquired about whether the sale would affect the validity of the beer permit. The City's attorney responded via latter dated September 20, 2002, which states in pertinent part:

> You have asked whether the proposed transfer of the Spur Station property would result in the transfer of the Beer Permit. The short answer is no.
>
> It is clear from state law that beer permits may be issued to persons who are not the owners of the real estate.… It is my understanding that the beer permit is issued to an individual. Based on that, it is my opinion that so long as the individual entity to whom the permit was issued continues to hold the permit and operate under that permit that there is no transfer despite the change in ownership.… Thus, the change in ownership would have no effect on the permit itself.…

In light of the foregoing legal opinion of the City's attorney, a public announcement was made prior to the start of the bidding at the auction that the Spur would be sold with an active beer licence, provided that the purchaser retained Evans as manager. Relying on this announcement, Lance and Lori Grigsby purchased the Luttrell Spur for $220,500. According to the Grigsbys, the sale price would have been significantly less without a valid beer permit, perhaps to the point of "no sale." After purchasing the Spur, the Grigsbys entered into a contract with Evans to manage the store, which had been renamed the All American Market and Deli (the "Deli"). Because the Grigsbys retained Evans as manager, they utilized the beer permit previously issued to Evans and sold beer at the Deli for consumption off premises.

---

[1] The facts set forth in this Opinion come almost exclusively from the complaint and various exhibits attached thereto. For purposes of this appeal, we will assume the facts set forth in the complaint are accurate.

Evans received notification in December of 2002 that she needed to complete a renewal application for the beer permit, which she did timely. On February 20, 2003, the Board voted to revoke Evans' beer permit. On July 3, 2003, Plaintiffs filed a complaint requesting the Trial Court grant a writ of certiorari and review the propriety of the Board's revocation of Evans' beer permit. Plaintiffs claimed that the actions of the Board "at its February 20, 2003 meeting were arbitrary, capricious, without cause, illegal, improper, and in direct contravention of the representations previously made by [the City]."

The City filed a motion to dismiss claiming the Trial Court lacked subject matter jurisdiction over the claims set forth in the complaint. The City claimed in this motion that pursuant to Tenn. Code Ann. § 27-9-102, Plaintiffs had sixty (60) days from February 20, 2003 in which to file a petition for writ of certiorari. The City averred that the complaint was time barred because Plaintiffs did not file their complaint until July 3, 2003. The Trial Court agreed and issued an order granting the City's motion to dismiss. According to the Trial Court:

> [The Board] acted to revoke the "grandfathered" beer permit issued in the name of Wanda Cherry Evans on February 20, 2003. The Court further finds that the action of the Board … on February 20, 2003, at which the Plaintiffs were present and had actual knowledge of the action, served as the "trigger" to commence the running of the sixty (60) day period within which a Petition for Certiorari must be filed. Because the Plaintiffs did not file a Petition or Complaint for Writ of Certiorari within sixty (60) days of the February 20, 2003 action of the Board … [this Court] has no subject matter jurisdiction.

Plaintiffs then filed a motion asking the Trial Court to reconsider its order granting the City's motion to dismiss. Plaintiffs argued that according to Tenn. Code Ann. § 27-9-102, the sixty day time limit in which to file a petition for writ of certiorari does not begin to run until "entry of the order or judgment." Plaintiffs then argued that because the Board never actually entered an order or judgment, the sixty day time limit never began to run. The Trial Court denied Plaintiffs' motion to reconsider stating:

> It does appear that the City made a record of this proceeding by way of a court reporter and filed that record as the minutes.… In my opinion, that's all the city has to do to record their judgment ….

Plaintiffs appeal the dismissal of their complaint and argue that the Trial Court erred when it concluded that the complaint was not filed in a timely manner, thus depriving the Trial Court of subject matter jurisdiction.

**Discussion**

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714 (Tenn. 1997). In *Stein*, our Supreme Court explained:

> In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra*.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

The parties agree that the proper procedure to appeal the revocation of Evans' beer permit is via a statutory writ of certiorari. *See* Tenn. Code Ann. § 57-5-108. The parties further agree that the applicable time limit for Plaintiffs to file a petition for writ of certiorari is set forth in Tenn. Code Ann. §§ 27-9-101 and 102. These statutes provide:

> **27-9-101. Right of Review.** – Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

> **27-9-102. Filing and contents of petition.** – Such party shall, within sixty (60) days from *the entry* of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review. (emphasis added)

As emphasized, the applicable sixty day period begins to run when the final judgment or order is entered. In *Carter v. Bd. of Zoning Appeals*, 214 Tenn. 42, 377 S.W.2d 914 (1964), our

Supreme Court was discussing the above statute and noted the distinction between rendering a judgment and entering a judgment. According to the *Carter* Court:

> [T]he time for filing the petition for certiorari runs from the *entry* of the order or judgment and not from the *rendition* of the judgment.
>
> The distinction between the "rendition" of a judgment and the "entry" of a judgment or order was clearly pointed out by the Court in Jackson v. Jarratt, 165 Tenn. 76, 52 S.W.2d 137, in which the Court stated:
>
>> "'Rendered' means expressed or announced in a conclusive manner and with decisive effect, certainly so when at the same time notation of it is made on a judgment docket, or other more or less permanent memorandum record kept by the Judge for the purpose. 'The rendition of judgment, and the entry of judgment, are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court. * * * To render judgment is to return or give judgment; and it can not be said, in our opinion, that the phrase, in any of its forms, includes the idea of making a written entry or record of a judgment.'" P. 79 of 165 Tenn., p. 138 of 52 S.W.2d.
>
> * * *
>
> The distinction between "rendition" of judgment and "entry" of judgment in the Jackson case seems to be universally recognized. The "entry" of judgment is the ministerial act by which enduring evidence of the judicial act of rendition of judgment is afforded.…

*Carter*, 377 S.W.2d at 916 (emphasis in original).

The purpose of the provision requiring that a petition for writ of certiorari be filed within sixty days of entry of a final judgment is "to promote the timely resolution of disputes by establishing filing deadlines that will keep cases moving through the system." *Hickman v. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001). The sixty day time limit is jurisdictional and the "[f]ailure to file a writ within this period precludes review of such decisions by the courts." *Johnson v. Metropolitan Gov't for Nashville Davidson County*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001).

*Brannon v. County of Shelby*, 900 S.W.2d 30 (Tenn. Ct. App. 1994) involved a request by Standard Construction Company for a special use permit which would allow it to operate a sand and gravel excavating business. Several adjoining property owners opposed the granting of the special use permit. Nevertheless, the Shelby County Board of Commissioners approved the request on December 7, 1992. *Id.* at 31. According to the Shelby County Charter, the special use permit did not become effective until it was signed by the mayor, an event which happened on December 14, 1992. Thereafter, on January 25, 1993, the Board of Commissioners approved the minutes from its December 7th meeting and the minutes were then filed as a matter of public record. *Id.* at 33 and n.5. The adjoining property owners then filed a petition for writ of certiorari on February 23, 1993. The petition was filed more than sixty days after the special use permit was signed by the mayor, but less than sixty days from when the minutes from the December 7th meeting were approved and filed. *Id.* at 33. This Court concluded that the triggering event which started the sixty day time period in that case was when the special use permit was signed by the mayor on December 14th and became effective, not when the minutes were approved and filed the following January.[2] Accordingly, the petition was not filed timely and the trial court lacked subject matter jurisdiction. *Id.* at 33, 34.

*Advanced Sales, Inc. v. Wilson County*, No. 01-A-01-9805-CH-00245, 1999 Tenn. App. LEXIS 333 (Tenn. Ct. App. May 28, 1999), *no appl. perm appeal filed*, involved a request by Advanced Sales, Inc., for permission to use a particular parcel of property for machine manufacturing and repair. The request was denied by the Wilson County Board of Zoning Appeals and one of the primary issues before this Court on appeal was when the sixty day period in which to file a petition for writ of certiorari began to run. We stated:

> The petitioner alleges that the Board's "order or judgment" was not entered until January 24, 1997 when the Board met and approved the minutes of the December 20 meeting. We fail to find where that appears in the record. What does appear is the application dated December 3, 1996 reflecting a hearing date of December 20. Various notices to the public and to affected landowners appear in the record announcing a hearing date of December 20. The petition itself has a section on which to show the action of the Board. That section reflects that the petition was presented to the Board on December 20, 1996, and the entry, "Relief Denied," is circled on the form. It is true that the place on the form showing how the members voted is left blank, but there is no dispute that the Board voted unanimously to deny the petition. The form is signed by the Board secretary.
>
> We think the Board's order or judgment was entered on December 20, 1996. The applicant relies on the case of *Carter v.*

---

[2] *Brannon* and similar cases do not hold that the approval and filing of the minutes cannot constitute the entry of a judgment.

-6-

*Board of Zoning Appeals of City of Nashville*, 214 Tenn. 42, 377 S.W.2d 914 (Tenn. 1964) for the proposition that the Board's order or judgment in this case was only "rendered" on December 20, 1996 and not "entered" until the Board approved the minutes in January of 1997. The *Carter* case, however, stands for an entirely different proposition. In that case the petition for certiorari alleged that the Board made an oral ruling on February 11, 1963, but the appellant filed a petition to rehear and the order of the Board was not entered until April 24, 1963. The petition for certiorari was filed on April 25, 1963.

The Supreme Court held that if the facts alleged in the petition were true, the petition was timely filed. The *Carter* case does not deal with the effect of a Board's action in approving its minutes at a later meeting. It deals only with a fact question as to when the Board's order was actually entered. In this case we think the record before the Board conclusively shows that the Board's action was entered on the record on December 20, 1996.

*Advanced Sales, Inc.*, 1999 Tenn. App. LEXIS 333, at ** 3 - 5. *See also Gore v. Dept. of Correction*, 132 S.W.3d 369, 378-79 (Tenn. Ct. App. 2003)(Indicating that the requirement of Tenn. Code Ann. § 27-9-102 that a final judgment be entered was met when the appeal of an inmate's sentence to thirty days punitive segregation for attempted escape was denied by the warden with a note stating "no due process violation noted.").

The case law beginning with the Supreme Court's decision in *Carter* certainly shows that something more than simply a vote taking place is required before a judgment or order will be considered as having been entered pursuant to Tenn. Code Ann. § 27-9-102. In *Brannon* the Board's judgment was entered when the special use permit was signed by the mayor, and in *Advanced Sales* the Board's judgment was entered when the petition was marked "Relief Denied" and signed by the Board Secretary. It is this "something more" which elevates a judgment from one which has simply been rendered, to one that also has been entered.[3] It is this "something more" which is the "enduring evidence of the judicial act of rendition of judgment ...." *Carter*, 377 S.W.2d at 916.

In the present case, all we able to glean from the sparse record is that the Board voted to revoke Evans' beer permit on February 20, 2003. While this certainly would qualify as the

---

[3] The City cites cases such as *Kielbasa v. Wilson County Bd. of Zoning Appeals*, No. M1999-01155-COA-R3-CV, 2000 Tenn. App. LEXIS 277 (Tenn. Ct. App. May 5, 2000), *no appl. perm. appeal filed*, for the proposition that the sixty days starts to run from the date of the action complained of, not when the judgment is entered. In *Kielbasa*, this Court stated only that the petitioners were required to file a petition within sixty days of "the Board's decision." *Id*., at ** 4, 5. However, in that case the petitioners essentially acknowledged their petition was filed too late, but they claimed that the statute of limitations was tolled due to fraudulent concealment and lack of notice. We disagree with the City's interpretation of *Kielbasa* because the exact date upon which the judgment was "entered" was never an issue in that case.

"rendition" of the Board's judgment, it falls short of qualifying as the "entry" of that judgment. The record contains no proof establishing whether anything else happened on February 20th which would be sufficient to properly characterize the Board's judgment as having been entered on that day. There is no "something more" in addition to the vote of the Board and, therefore, no "enduring evidence" of the Board's rendition of judgment. *See Carter*, 377 S.W.2d at 916. Accordingly, we vacate the judgment of the Trial Court which held that the Board's judgment was entered on February 20, 2003, and that Plaintiffs' complaint was time barred. In so doing, we note that Plaintiffs' presence at the meeting when the Board revoked the beer permit is immaterial to whether the Board's judgment was entered for purposes of Tenn. Code Ann. § 27-9-102.

When ruling on Plaintiffs' motion to reconsider, the Trial Court stated that "the City made a record of this proceeding by way of a court reporter and filed the record as the minutes." The Trial Court then added that this was "all the city has to do to record their judgment." Unfortunately, there is absolutely no proof in the record showing that a record was made of the proceedings and subsequently filed. The very first mention in the record before us of the existence of a court reporter who transcribed and filed the minutes is when the Trial Court made the above statements immediately prior to denying Plaintiffs' motion to reconsider. The record does not contain the minutes or any other proof establishing the presence of a transcript or that one was filed. While we are confident such proof was presented to the Trial Court, for some unknown reason that proof did not make its way into the record on appeal. Having the proceedings transcribed and filed as the Board's minutes would constitute entry of the Board's judgment, assuming no other event already had occurred sufficient to establish entry of the judgment. Nevertheless, because of the lack of proof in the record in this appeal of the granting of a motion to dismiss, we are unable to hold that the Trial Court did not err when it concluded that the recording and filing of the minutes was sufficient to constitute entry of the Board's judgment.

Perhaps more important is the fact that the record contains no proof showing *when* the minutes were filed. Without this critical fact, and even though the filing of the minutes would be sufficient to trigger the sixty day period in this case, we cannot determine whether Plaintiffs' complaint was filed timely because we have no way of knowing when the sixty day period started to run. We likewise do not know whether anything occurred after the vote to revoke Evans' permit but before the minutes were filed, if and when they were, which could properly be considered as the entry of the Board's judgment as was the case in *Brannon* and *Advanced Sales*. In short, the proof as it currently exists in the record before us in this appeal of the granting of a motion to dismiss does not establish that Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Stein*, 945 S.W.2d at 716. This is especially so given that the only issue in dispute at this time is whether this action was timely filed. Accordingly, we vacate the judgment of the Trial Court and remand this case to the Trial Court to determine when and if the Board's judgment ever was entered by the filing of the minutes or some other act of the Board other than just the Board's vote, and if so, whether Plaintiffs' complaint was filed within sixty days from that date.

## **Conclusion**

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for further proceedings as necessary consistent with this Opinion and for collection of the costs below. Costs on appeal are assessed against the Appellee, City of Plainview.


_____
D. MICHAEL SWINEY, JUDGE