# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST 23, 2011 Session

## O'RANE M. CORNISH, SR. v. THE CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
No. CH-10-1509-3    Kenny Armstrong, Chancellor

---

**No. W2010-02665-COA-R3-CV - Filed September 7, 2011**

---

Petitioner filed a complaint for declaratory judgment seeking a declaration that the city council's decision one year earlier to grant a special use permit was arbitrary and capricious. The trial court dismissed the complaint upon concluding that the petitioner should have challenged the decision by filing a petition for writ of certiorari within sixty days. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

O'Rane M. Cornish, Sr., Memphis, Tennessee, *pro se*

Philip E. Oliphant, Memphis, Tennessee, for the appellee, City of Memphis and City Council

Robert B. Rolwing, Memphis, Tennessee, for the appellee, Shelby County

Larry E. Fitzgerald, Memphis, Tennessee, for the appellee, East Haven Church and Development Corp.

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

On August 18, 2009, the Council of the City of Memphis adopted a resolution granting a special use permit to the Easthaven Community Development Corporation for the operation of a residential home for the aged on property that was located in a single family residential district. O'Rane Cornish, a neighboring landowner, had voiced his opposition to the proposed project at public hearings on the matter. Just over a year later, on August 19, 2010, Mr. Cornish filed a "Complaint and Petition for Restraining Order, Injunctive Relief, and Declaratory Judgment," seeking to have the special use permit declared invalid. He basically alleged that the City Council's decision to grant the permit was arbitrary, capricious, and unsupported by the evidence. Mr. Cornish named as defendants the City of Memphis, the City Council, Shelby County, and Easthaven Church of Christ d/b/a Easthaven Development Corporation ("Defendants").

The Defendants filed a motion to dismiss in which they argued that Mr. Cornish's complaint should be dismissed because, among other things, he failed to file a petition for writ of certiorari within sixty days of the challenged action. Mr. Cornish filed a response. Following a hearing, the trial court granted the Defendants' motion to dismiss upon concluding that the appropriate method of challenging the City Council's decision was by a petition for writ of certiorari, which Mr. Cornish failed to file within sixty days. Mr. Cornish timely filed a notice of appeal.

## II. ISSUES PRESENTED

On appeal, Mr. Cornish argues that it was appropriate and lawful for him to challenge the City Council's decision to issue the special use permit by filing an action for declaratory judgment rather than a petition for writ of certiorari. We disagree and affirm the decision of the chancery court.

## III. DISCUSSION

The remedy of common law certiorari is provided for in Tennessee Code Annotated

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

section 27-8-101, and review under the writ is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). The remedy of certiorari is the proper remedy for one who seeks to overturn an administrative determination, which is judicial or quasi-judicial in nature. *Id.* at 639 (citing *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983)). An action for declaratory judgment, as provided by Tennessee Code Annotated sections 29-14-101 to -113, is the proper remedy to be employed by one who seeks to invalidate local governmental *legislative* action. *Id.* (citing *Fallin*, 656 S.W.2d at 342). "[A] crucial test in distinguishing legislative from administrative acts is whether the action taken (resolution or ordinance) makes new law or executes one already in existence." *Id.* (citing 8A E. McQuillin, *The Law of Municipal Corporations*, § 10.06, at 995 (3rd ed. 1986)). For example, enacting zoning ordinances and their amendments are clearly legislative acts subject to attack by a complaint for declaratory judgment. *Id.* On the other hand, where municipal legislative bodies reserve to themselves the power to grant or deny licenses or permits, by an ordinance containing a rule or standard to govern them, the decision whether to grant such a permit is regarded as administrative rather than legislative in character. *Id.* (citing McQuillin, § 25.217 at 160–61). "In order to qualify as an administrative, judicial, or quasi-judicial act, the discretionary authority of the government body must be exercised within existing standards and guidelines." *Id.*

In sum, a party seeking to invalidate an ordinance should file a declaratory judgment action, while a party seeking to challenge a determination made in accordance with an ordinance should file a petition for writ of certiorari. *Bernard v. Metro. Gov' of Nashville & Davidson County*, 237 S.W.3d 658, 665 (Tenn. Ct. App. 2007). In *McCallen*, 786 S.W.2d at 634, our Supreme Court considered whether certiorari or declaratory judgment was the proper method of reviewing a resolution of the Memphis City Council that gave approval to a planned development. The local zoning ordinance authorized the legislative body to issue a special use permit for a planned development if certain general standards and criteria were met. *Id.* at 634-35. The Court recognized the argument that a local legislative body's reservation of the power to issue permits is "tantamount to a legislative act of rezoning," but it explained that the "the overriding issue is whether the enabling ordinance provides sufficient standards to preclude the exercise of unbridled discretion." *Id.* at 639. The applicable zoning ordinance in *McCallen* provided "pre-established guidelines" to be applied when considering a permit for a planned development, which required the legislative body to exercise "reasonable discretion" in making such a decision. *Id.* Therefore, the Court determined that the City Council's decision to grant or deny the permit was administrative and properly reviewed via a petition for writ of certiorari. *Id.* at 640.

We likewise conclude that the City Council's decision to grant the special use permit at issue in this case was an administrative rather than legislative decision. Chapters 16-32

and 16-36 of the Memphis and Shelby County zoning ordinance authorize the City Council to grant a special use permit for specified uses only if the applicant demonstrates that certain standards have been met. In this case, there were standards of general applicability, established for all special use permits, in addition to further standards specifically applicable to residential homes for the aged. Thus, the City Council exercised an administrative function when it determined whether or not Easthaven's proposed use met the pre-existing standards of the ordinance. Mr. Cornish should have filed a petition for writ of certiorari in order to challenge the decision, rather than a declaratory judgment action, so we will treat his complaint as a petition for common law writ of certiorari. *See McCallen*, 786 S.W.2d at 640.

"The legislature has the authority to place reasonable statutory limitations on the time within which certiorari may issue." *Thandiwe v. Traughber*, 909 S.W.2d 802, 803 (Tenn. Ct. App. 1994) (citing *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885 (Tenn. Ct. App. 1976)). Tennessee Code Annotated section 27-9-102 provides that a petition for writ of certiorari must be filed "within sixty (60) days from the entry of the order or judgment[.]" This sixty day time limit is jurisdictional, and the failure to seek a writ within sixty days precludes review of the decision by the courts. *Grigsby v. City of Plainview*, 194 S.W.3d 408, 412 (Tenn. Ct. App. 2005) (citing *Johnson v. Metro. Gov't for Nashville Davidson County*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001)).

As for the triggering event that will start the running of the sixty day time period pursuant to Tennessee Code Annotated section 27-9-102, "something more than simply a vote taking place is required[.]" *Grigsby*, 194 S.W.3d at 413. Although a vote may constitute the "rendition" of a judgment, we are concerned with the date of "entry" of that judgment. *Id.*; *see also* Tenn. Code Ann. § 27-9-102 (requiring the petition to be filed "within sixty (60) days from the entry of the order or judgment"). "'[T]he 'entry' of judgment is the ministerial act by which *enduring* evidence of the judicial act of rendition of judgment is afforded.'" *McMurray Drive Area Homeowners Ass'n v. Metro. Gov't of Nashville & Davidson County*, No. M2005-00616-COA-R3-CV, 2006 WL 1026428, at *5 (Tenn. Ct. App. Apr. 18, 2006) (quoting *Carter v. Bd. of Zoning Appeals of the City of Nashville*, 377 S.W.2d 914, 916 (Tenn. 1964)). In *Brannon v. County of Shelby*, 900 S.W.2d 30, 33 (Tenn. Ct. App. 1994), for example, the county charter required the mayor to sign a zoning resolution approving a special use permit in order for it to become effective, and we determined that the sixty time period began to run on the date when the mayor signed the resolution. In *McMurray Drive Area Homeowners Ass'n*, 2006 WL 1026428, at *5, the triggering event occurred not when the challenged vote on a matter was taken, but when the typed official minutes from the meeting were presented and approved at a subsequent meeting.

Here, the record before us contains a certified copy of the zoning resolution approving the Easthaven special use permit, and it simply states that it was adopted and approved by

the City Council on August 18, 2009. We note that Mr. Cornish's complaint alleges that the approval of the resolution became final when the minutes of the August 18 City Council meeting were approved at the next scheduled meeting before the City Council on September 1, 2009. There is nothing in the record to support this assertion, but even assuming that it is true, Mr. Cornish's complaint, filed on August 19, 2010, was clearly filed beyond the sixty day time period for challenging the City Council's decision. As such, we affirm the trial court's decision to dismiss Mr. Cornish's complaint.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is affirmed. Costs of this appeal are taxed to the appellant, O'Rane Cornish, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.