IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 21, 2016 Session

**MATTHEW JORDAN, SR. v. CITY OF MEMPHIS**

**Appeal from the Chancery Court for Shelby County**
**No. CH062107      Kenny W. Armstrong, Chancellor**
_____

**No. W2015-01994-COA-R3-CV – Filed July 27, 2016**
_____

At its scheduled meeting, the City of Memphis Pension Board denied by voice vote a Memphis police officer's request for benefits. At some point in time, which is unclear from the record, the Board approved minutes from its meeting, which reflected the denial of the police officer's request. The police officer filed a petition for writ of certiorari, seeking judicial review of the Board's decision. The police officer supported his petition with an oath but failed to include a recitation indicating that the petition was his first application for the writ. The City of Memphis moved to dismiss the petition for lack of subject matter jurisdiction on the basis of the missing recitation. The trial court granted the motion. On appeal, the police officer argues that the missing recitation did not deprive the trial court of subject matter jurisdiction. In addition to the missing recitation, the City argues that the trial court also lacked subject matter jurisdiction because the petition was not filed within sixty days from the Board's decision on the request for benefits. We vacate the judgment of dismissal and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J.,W.S., and DAVID R. FARMER, SP. J., joined.

John R. Johnson III, Memphis, Tennessee, for the appellant, Matthew Jordan, Sr.

Andre B. Mathis, Memphis, Tennessee, for the appellee, City of Memphis.

# MEMORANDUM OPINION[1]

On February 22, 2006, Mathew Jordan, Sr. filed an application for line-of-duty disability retirement benefits with the City of Memphis Pension Board. The Board conducted a hearing on the application on July 27, 2006, at which Mr. Jordan appeared along with a representative of the Memphis Police Association. At the hearing, the Board voted unanimously to deny Mr. Jordan benefits.

On October 27, 2006, Mr. Jordan filed a petition for writ of certiorari with the Chancery Court for Shelby County, Tennessee, seeking review of the Board's decision. Mr. Jordan supported his petition with an oath sworn to before a notary public. However, the petition did not state it was "the first application for the writ."

As required by the writ issued by the court, the Board filed the administrative record. The administrative record did not include an order or judgment of the Board denying Mr. Jordan's application. Instead, the record included "Minutes of the Retirement and Pension Board System" for its Thursday, July 27, 2006 meeting. With respect to Mr. Jordan's application, the minutes provided as follows:

## HEAR REQUEST FOR A LINE OF DUTY DISABILITY RETIREMENT
### Matthew Jordan, Sr.

Mr. Jordan appeared with representative, W.F. Robbins, Memphis Police Association. The motion was made by Nancy Albonetti and seconded by Jim Davis to deny based upon the medical evidence received. The motion carried.

The acting chairman and acting secretary of the Board and the assistant city attorney each signed the minutes. Although reflecting that they were of the July 27, 2006 meeting, the minutes were otherwise undated. The record did not indicate when the minutes were approved by the Board.

For reasons not revealed by the record, the City of Memphis did not file an answer to the petition until June 15, 2011. Over two months later, the City filed a motion to dismiss.

---

[1] The rules of our Court provide as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

The City, noting that Mr. Jordan "failed to state in his Petition that this was his first application for the writ as required by Tenn. Code Ann. § 27-8-106,"[2] requested dismissal for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Again for reasons not revealed by the record, Mr. Jordan did not file a response to the motion to dismiss until April 25, 2014. That same day, Mr. Jordan also filed a motion to amend his petition to add the omitted recitation that this was "the first application for the writ."

On May 23, 2014, the trial court entered an order dismissing the petition for lack of subject matter jurisdiction, citing the missing recitation. The court also concluded it lacked subject matter jurisdiction to consider Mr. Jordan's motion to amend his petition to cure any defects.

Mr. Jordan appeals, arguing, among other things, that the statutory requirement requiring the petition to recite it was "the first application for the writ" was not jurisdictional. The City argues that the requirement was jurisdictional. In addition, for the first time, the City claims that the petition was untimely.

DISCUSSION

Without subject matter jurisdiction a court lacks the "power to adjudicate a particular type of controversy," and any resulting order is void. *Dishmon v. Shelby State Cmty. Coll.,* 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Id.* "Thus, when an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal." *First Am. Trust Co. v. Franklin-Murray Dev. Co.,* 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001). Because "a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co. v. State,* 33 S.W.3d 727, 729 (Tenn. 2000).

The trial court dismissed the case based on lack of subject matter jurisdiction due to Mr. Jordan's failure to comply with the recitation requirement found in Tennessee Code Annotated § 27-8-106. The City additionally asserts that the trial court also lacked subject matter jurisdiction because the petition was not timely filed. *See Blair v. Tenn. Bd. of Prob. & Parole,* 246 S.W.3d 38, 40-41 (Tenn. Ct. App. 2007). In this instance and based on *Talley*

_____

[2] The statute provides as follows: "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106 (2000).

*v. Board of Professional Responsibility*, 358 S.W.3d 185 (Tenn. 2011), we conclude that the timeliness of the petition should be addressed before reaching the other issues raised by the parties. If the petition was untimely, we lack subject matter jurisdiction to consider whether the recitation requirement of Tennessee Code Annotated § 27-8-106 is jurisdictional. *See Blair*, 246 S.W.3d at 40-41.

Perhaps unsurprisingly, the parties cannot agree[3] on when the City of Memphis Pension Board entered its decision denying Mr. Jordan's application for line-of-duty disability retirement benefits. Mr. Jordan argues that the decision was entered when the minutes from the July 27, 2006 Board meeting were approved. The City, on the other hand, argues that the decision was entered at the July 27, 2006 Board meeting.

Our courts have recognized that there is a distinction between the rendition of a judgment and the entry of a judgment. *Jackson v. Jarratt*, 52 S.W.2d 137, 138 (Tenn. 1932). "'Rendered' means expressed or announced in a conclusive manner and with decisive effect . . . ." *Id.* "The 'entry' of judgment is the ministerial act by which enduring evidence of the judicial act of rendition of judgment is afforded." *Carter v. Bd. of Zoning Appeals*, 377 S.W.2d 914, 916 (Tenn. 1964). In the context of Tennessee Code Annotated § 27-9-102, we have held "that something more than simply a vote taking place is required before a judgment or order will be considered as having been entered." *Grigsby v. City of Plainview*, 194 S.W.3d 408, 413 (Tenn. Ct. App. 2005).

In *Grigsby v. City of Plainview*, we confronted a situation similar to the one presented to us here. *Id.* at 408-09. A city beer board voted to revoke a beer permit on February 20, 2003, and disgruntled parties filed a petition for writ of certiorari on July 3, 2003. *Id.* at 410. The city filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the petition was time barred. *Id.* The disgruntled parties responded that the time period never began to run because the beer board never entered an order or judgment. *Id.* The trial court agreed with the city and dismissed the case. *Id.*

On appeal, we vacated the decision of the trial court because we were unable to determine from the record when the beer board's decision was entered and, therefore, when the time for filing began to run. *Id.* at 414.

[A]ll we are able to glean from the sparse record is that the Board voted to

---

[3] The parties also cannot agree on whether Mr. Jordan's petition for writ of certiorari was in fact a petition for writ of certiorari or actually a petition for review under the Uniform Administrative Procedures Act. *See* Tenn. Code Ann. § 27-9-114 (Supp. 2015). In either event, however, Mr. Jordan had sixty days from the entry of the decision to file his petition. *See id.* §§ 27-9-102 (2000), 27-9-114(a)(1), 4-5-322(b)(1)(A) (2015); *see also Davis v. Tenn. Dep't of Emp't Sec.*, 23 S.W.3d 304, 309 (Tenn. Ct. App. 1999) ("[T]he time for seeking judicial review of an agency's decision runs from the date of the entry of the agency's final order . . . .").

revoke Evans' beer permit on February 20, 2003. While this certainly would qualify as the "rendition" of the Board's judgment, it falls short of qualifying as the "entry" of that judgment. The record contains no proof establishing whether anything else happened on February 20th which would be sufficient to properly characterize the Board's judgment as having been entered on that day. There is no "something more" in addition to the vote of the Board and, therefore, no "enduring evidence" of the Board's rendition of judgment. Accordingly, we vacate the judgment of the Trial Court which held that the Board's judgment was entered on February 20, 2003, and that Plaintiffs' complaint was time barred.

*Id.* at 413-14 (citations omitted). We did not hold that the filing of the minutes necessarily constituted the entry of the order or decision, but we did require "something more" than just a vote. *Id.* at 414.

[T]he record contains no proof showing *when* the minutes were filed. Without this critical fact, and even though the filing of the minutes would be sufficient to trigger the sixty day period in this case, we cannot determine whether Plaintiffs' complaint was filed timely because we have no way of knowing when the sixty day period started to run. We likewise do not know whether anything occurred after the vote to revoke Evans' permit but before the minutes were filed, if and when they were, which could properly be considered as the entry of the Board's judgment . . . .

*Id.*

Although the Pension Board's vote to deny Mr. Jordan's application would qualify as the "rendition" of the Board's judgment, it also falls short of qualifying as the "entry" of that judgment. Approval of the minutes or some other act may have constituted entry of the judgment, but we cannot make that determination from the sparse record before us. Accordingly, we follow the same approach we took in *Grigsby v. City of Plainview*.

CONCLUSION

We vacate the judgment of dismissal and remand this case to the trial court to determine when and if the City of Memphis Pension Board's judgment ever was entered by the filing or approval of minutes or some other act other than just the Pension Board's vote, and if so, whether Mr. Jordan's petition was filed within sixty days from that date.

_____
W. NEAL MCBRAYER, JUDGE

5