IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2017

## MICHAEL SMITH v. SHELBY COUNTY SHERIFF'S DEPARTMENT

**Appeal from the Circuit Court for Shelby County**
**No. CT-002910-14      Jerry Stokes, Judge**

### No. W2016-01536-COA-R3-CV

This appeal involves an incarcerated inmate's filing of a petition for writ of certiorari. The respondent filed a motion to dismiss, claiming that the time for filing such a petition had passed. The trial court dismissed the petition as untimely. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Michael Smith, Whiteville, Tennessee, Pro Se.

John Marshall Jones and Megan J. Smith, Memphis, Tennessee, for the appellee, Shelby County Sheriff's Department.

### OPINION

### I.      BACKGROUND

Michael Smith ("Petitioner") is an inmate housed at the Hardeman County Correctional Facility in Whiteville, Tennessee. On April 25, 2014, Petitioner filed a petition for writ of certiorari by placing the document in the prison mailroom.[1]  *See* Tenn. R. Civ. P. 5.06. The petition, which named the Shelby County Sheriff's Department ("Respondent") as the respondent, requested review of two instances of discipline he received while an inmate at the Shelby County Jail.

---

[1] Respondent asserts that the petition was filed on April 26. The record reflects that the petition was filed on April 25.

The first incident, Number 719393, resulted in a hearing on December 4, 2013, after which he was adjudged guilty. He appealed to Chief Jailer Moore the same day but did not receive a reply. He then lodged a written request, dated January 22, 2014, to remove the finding of guilt from his file. He received no response. The second incident, Number 728437, resulted in a disciplinary hearing held on February 10, 2014, after which he was adjudged guilty. He appealed within three days of the hearing but did not receive a reply. He alleged that jail policy mandated a ruling within 7 days of the appeal.

Respondent filed a motion to dismiss, claiming, inter alia, that the court lacked subject matter jurisdiction because the petition was not filed within 60 days of the challenged judgments pursuant to Tennessee Code Annotated section 27-9-102.[2] Respondent claimed that the time for filing an appeal for Number 719393 began to run, at the latest, on January 22, 2014, the date on which Petitioner attempted a second communication concerning his adjudication. Respondent further claimed that the time for filing an appeal for Number 728437 began to run, at the latest, on February 13, 2014, the date on which Petitioner submitted his appeal but received no reply.

As pertinent to this appeal, Petitioner responded by asserting that Respondent's interpretation of the 60-day filing deadline was incorrect. He claimed that an agency such as Respondent is statutorily entitled to a 60-day period in which to respond to a request pursuant to Tennessee Code Annotated section 4-5-223(c).[3] Accordingly, he asserted that the time for filing an appeal in this action did not start until the expiration of 60 days from the filing of his letter, dated January 22, 2014, for Number 719393 or his appeal on February 13, 2014, for Number 728437. Thereafter, on February 9, 2016, Petitioner submitted a motion to supplement the record to include a copy of the Shelby County Jail Handbook ("the Handbook") for purposes of review of his disciplinary proceedings.

Meanwhile, Respondent issued an amended motion to dismiss, arguing that the time to seek certiorari review as to Number 719393 and Number 728437 began to run, respectively, on December 11, 2013, and February 20, 2014, the deadline by which Petitioner alleged a response to his appeals was due. Respondent asserted that Section 4-5-223 was inapplicable and did not operate to extend the time for filing his petition for

---

[2] "Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review."

[3] "(c) If an agency has not set a petition for a declaratory order for a contested case hearing within sixty (60) days after receipt of the petition, the agency shall be deemed to have denied the petition and to have refused to issue a declaratory order."

review of Number 719393 because the procedure for challenging a prison disciplinary action is through the common law writ of certiorari, not through the Administrative Procedures Act. Respondent alternatively claimed that even if the court were to consider the January 22 letter as a request for declaratory relief, the failure to respond would only extend the time for filing a petition to 60 days from the mailing of the letter.

Petitioner responded to the amended motion on March 22, 2016, by filing a motion to convert his petition for writ of certiorari to one for declaratory relief, which he claimed entitled him to a one-year statute of limitations. Respondent again argued that the proper avenue in which to challenge a prison disciplinary proceeding is through a petition for writ of certiorari. Respondent alternatively claimed that even if the petition were so converted, the statute of limitations for such an action would be determined by the nature of the underlying claim, namely a petition for writ of certiorari.

A hearing on the motion to dismiss was held on May 5. During the pendency of the court's ruling, Petitioner filed, on May 20, a motion to consider a supplemental argument. He claimed that the Handbook he submitted previously for the court's consideration provided that Respondent had 15 days, not 7 days, in which to respond to his appeal. Respondent objected to consideration of Petitioner's argument, claiming that he failed to raise the argument in a timely manner. Respondent then claimed that the response period, whether 7 or 15 days, should not be considered in determining the timeliness of the petition.

The trial court dismissed the petition on July 22, 2016, finding that the filing was not submitted within the 60-day time period required, thereby depriving it of jurisdiction. The court dismissed any other petitions, motions, or requests for relief filed but not addressed by the order. This timely appeal followed.

## II.    ISSUES

The sole issue on appeal is whether the trial court properly dismissed the petition for writ of certiorari as untimely.

## III.    STANDARD OF REVIEW

This appeal involves issues of law. The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

The Parties now appear to agree on appeal that the proper procedure for appealing the adjudicatory decision was by way of a petition for writ of certiorari. Tennessee Code Annotated section 27-9-102 "requires that a petition for writ of certiorari be filed within [60] days from the entry of the judgment appealed from. Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Blair v. Tennessee Bd. of Prob. & Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citations omitted).

Citing *Grigsby v. City of Plainview*, 194 S.W.3d 408 (Tenn. 2005), Petitioner argues that his petition was timely because a final order or judgment was never entered. He alternatively claims that the statute of limitations did not begin to run on his petition regarding Number 728437 until February 28, the date on which Respondent was required to rule on his appeal, thereby extending the limitations period to April 28. Respondent asserts that the court did not err in dismissing the petition for lack of jurisdiction because it was not filed within 60 days of either instance of discipline from which he seeks relief. Respondent alternatively claims that the failure to respond to the letter or issue a decision on the appeal was tantamount to a denial, thereby initiating the period of limitations on either January 22 for Number 719393 or February 20 for Number 728437. Respondent explains that the record was never supplemented to include the Handbook, which requires a response to an inmate's appeal within 15 days, not 7 days.

In *Grigsby*, the petitioner sought review of the city beer board's denial of his request for renewal of a beer permit. 194 S.W.3d at 413-14. The trial court dismissed the appeal as untimely because petitioner failed to file the petition within 60 days of the board's vote to deny the request. *Id.* at 410. This court reversed the dismissal, holding that a vote denying the request did not constitute entry of a judgment for purposes of calculating the 60-day period. *Id.* at 414.

Here, the record contains one order, dated December 4, 2013, adjudging Petitioner guilty of the disciplinary offense regarding Incident 719393. We hold that the filing of the appeal or the January 22 letter had no bearing on the running of the statute of limitations. Petitioner had 60 days to file a petition from *the entry of the judgment appealed from* as required by Section 27-9-102. Accordingly, his petition regarding Incident 719393 was untimely filed on April 25.

The second order regarding Incident 728437 was not included in the record on appeal. Although the record does not provide the date on which Petitioner was adjudged guilty of the disciplinary offense, the record does indicate that he attempted to internally

appeal on February 13.[4] Construing the facts in the light most favorable to Petitioner and assuming he was adjudged guilty on, at the latest, February 13, Petitioner still failed to file a petition within 60 days of the entry of the judgment.

While we agree that Respondent's failure to issue a decision on the appeal was tantamount to a denial, the time in which Respondent was required to respond does not operate to extend the statute of limitations. *See generally Hickman v. Tennessee Bd. of Paroles*, 78 S.W.3d 285, at 289-90 (Tenn. Ct. App. 2001) (calculating the limitations period from the date of the inmate's last correspondence with the Tennessee Board of Paroles). With the above considerations in mind, we affirm the dismissal of the petition.

## V.    CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Michael Smith.

_____
JOHN W. McCLARTY, JUDGE

---

[4] Notably, the disciplinary appeal form contained an instruction advising Petitioner that his appeal would be ruled upon "within seven (7) days of the appeal after receiving the written decision."