**Thomas C. BRANNON d/b/a Barrett's Community Organization and Barrett's Community Organization, Plaintiffs/Appellees**

v.

**COUNTY OF SHELBY, Shelby County Board of Commissioners, Standard Construction Company, Inc. and Cliff Hunt, Defendants/Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 19, 1994.

Application for Permission to Appeal Denied by Supreme Court May 1, 1995.

---

6. The use of the term by the *Ameraccount* court was "pure dicta" because it had no bearing on

the holding of the case.

C. Thomas Cates, Nathan A. Bicks, Reva M. Kriegel, Burch, Porter & Johnson, Memphis, for defendants/appellants, Standard Const. Co., Inc. and Cliff Hunt.

Brian L. Kuhn and Thomas R. Russell, Memphis, for defendants/appellants, County of Shelby and Shelby County Bd. of Com'rs.

David Wade, T. Louis Coppedge, Martin, Tate, Morrow & Marston, P.C., Memphis, for plaintiff/appellees.

FARMER, Judge.

This appeal concerns the granting of a special use permit for the operation of a sand and gravel excavating business to Appellant, Standard Construction Company (Standard) by the Shelby County Board of Commissioners (Board), also an appellant in this action. The appellees, Thomas C. Brannon d/b/a Barrett's Community Organization and Barrett's Community Organization either represent or are the owners of real property adjoining or in close proximity of the proposed business site.[1]

The Board first considered Standard's application at a public hearing conducted November 23, 1992 after the Memphis and Shelby County Office of Planning and Development and the Land Use Control Board recommended its rejection. After presentation of testimony on the issue, but prior to a vote being taken, the Board voted to defer the matter until its December 7, 1992 meeting. At this hearing, which originated with the presentation of additional testimony, the Board approved Standard's application by a vote of nine to two.

The "Zoning Resolution" was signed by the mayor of Shelby County, William Morris, Jr., on December 14, 1992 and states, in part:

BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF SHELBY COUNTY, TENNESSEE, That a special use permit is granted for the purpose of establishing sand and gravel extraction and processing in accordance with the site plan incorporated in the application, ...

. . . .

BE IT FURTHER RESOLVED, That this Resolution take effect from the [sic] after the date it shall have been passed by this Board of County Commissioners, and become effective as otherwise provided by law, and thereafter shall be treated as in full force and effect by virtue of the passage thereof by the Board of Commissioners of Shelby County, Tennessee, the public welfare requiring same.

---

1. The subject property is located in the northeastern part of Shelby County beyond five miles of the Memphis corporate limits.

At its January 25, 1993 meeting, the Board entertained a motion to reconsider approval of the application. The Memphis and Shelby County Health Department, concerned homeowners and proponents of Standard presented additional testimony. Prior to voting on the motion, the chairman of the board acknowledged that the "item was passed at our December 7 meeting" and that all that was before them was "a reconsideration." The motion failed by a vote of five to five with one abstention.

On February 23, 1993, the appellees filed a "Petition for Writ of Certiorari and for Injunctive and Declaratory Relief," seeking to have the resolution declared invalid on the basis that it was an arbitrary and capricious act and not supported by substantial evidence.[2] The petition alleged that the resolution was "adopted on December 7, 1992 . . . and approved on January 25, 1993." The appellees alleged that subsequent to the December 7, 1992 vote, it was discovered that one of the commissioners who voted in favor of the application had a "long-term on-going business relation" with Standard.[3] It was further averred that on December 21, 1992, the commissioners deferred approval of its minutes and adoption of the application pending results of a requested report from the health department.

The appellants moved to dismiss and, additionally or alternatively, for summary judgment, asserting, inter alia, that the petition was time barred by the provisions of T.C.A. § 27–9–102. The affidavit of Dorothy Beard, clerk of the county commission, was submitted in support thereof. The trial court denied the motion, specifically finding that the petition was timely and remanded the matter to the Board for reconsideration.[4]

The appellants raise the following issues for our review:

1. Whether the trial court erred in vitiating the special use permit granted to Standard and "remanding" the matter to the County Commissioner for **de novo** reconsideration?

2. Whether the trial court erred by revoking Standard's permit without the required finding by the court that the County Commission's approval of the special use permit was clearly arbitrary, capricious or illegal, or that the Commission's action lacked a rational basis?

3. Whether the trial court lacked jurisdiction to grant certiorari to review the action of the County Commission because the plaintiffs' Complaint was barred by the 60–day limitation period set forth in T.C.A. § 27–9–102 for petitioning the court for writ of certiorari?

We first consider the issue concerning the trial court's lack of jurisdiction as we find it dispositive. T.C.A. § 27–9–101 provides:

**Right of review.**—Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

T.C.A. § 27–9–102 states:

**Filing and contents of petition.**—Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the

---

**2.** In addition to the appellants as previously referred, the petition was also filed against Shelby County and Standard's president, Cliff Hunt.

**3.** The record includes a letter, dated January 15, 1993, from the county attorney to the chairman of the board stating that it was not a legal conflict of interest for that particular commissioner to have voted for and participated in discussion of Standard's application for a special use permit.

**4.** In ruling from the bench, it appears that the trial court felt that the matter should be remanded to the Board for an opportunity to "vote it up or down." The court stated, "[b]y now they've had the opportunity to do all the looking in to it that they want to and should know whatever they want to know about the whole situation and let them vote on it," apparently referring to the information received by the Board at its January 25, 1993 meeting.

respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

The appellants argue that the trial court lacked jurisdiction to grant a certiorari review of the Board's decision as the appellees' petition for relief was filed outside the sixty (60) day limitation set forth above. It is undisputed that the petition was not filed until February 23, 1993, more than sixty (60) days after December 14, 1992—the day the resolution was signed by the county mayor. The appellees contend, however, that the petition was timely filed within sixty (60) days of January 25, 1993—the date on which the Board approved its December 7, 1992 minutes. It is the appellees' position that when the Board chairman signed the minutes, the resolution was adopted, made official and entered as a matter of public record.[5]

█ Tennessee courts have previously made reference to the distinction between the rendering of a judgment and its entry. *See Carter v. Board of Zoning Appeals of Nashville*, 377 S.W.2d 914, 916 (Tenn.1964); *Christopher v. Spooner*, 640 S.W.2d 833, 835 (Tenn.App.1982). The "entry" of a judgment has been defined as "the ministerial act by which enduring evidence of the judicial act of rendition of judgment is afforded." *Carter*, 377 S.W.2d at 916. The appellees argue that although the Board's decision was rendered on December 7, it was not entered until January 25, 1993.

The parties do not dispute that a two-thirds vote of the Board was required to approve the grant of a special use permit to Standard. The Zoning Ordinance states:

The legislative body shall approve, approve with conditions or reject a requested special use permit by a majority vote, except a ⅔ vote of the Shelby County Board of Commissioners shall be required to approve a special use permit for property located within an unincorporated area of Shelby County beyond five miles of the

Memphis corporate limits when the Land Use Control Board recommends disapproval of the requested special use permit.

The action taken by the Board at its December 7, 1992 meeting, wherein a nine to two vote was attained, clearly complies with the ordinance. The appellees, however, relying upon the January 25, 1993 hearing as the critical date, argue that as a two-thirds vote was not received at this meeting, the application was effectively denied.

Section 2.06B of the Shelby County Charter states:

All resolutions shall be adopted upon receiving a majority vote of the membership of the county board of commissioners, except as otherwise required by general law for the issuance of bonds, notes and other evidences of indebtedness of the county, and shall become effective in accordance with section 2.07 of this charter.

Section 2.07A reads:

Every ordinance and resolution except emergency ordinances of the board [of] county commissioners shall be submitted to the county mayor. If the county mayor signs it, the ordinance or resolution shall become effective as provided in Section 2.06 of the charter or at a later date if the ordinance or resolution so provides.[6]

█ The parties do not dispute that on December 14, 1992 the county mayor signed a "Zoning Resolution" which approved Standard's application for a special use permit for the purpose of establishing sand and gravel extraction and processing. According to the county charter, the resolution became effective on this date. Section 2.06F additionally states that the county clerk "shall maintain an up-to-date record of all ... resolutions and furnish a true copy to interested persons...." The affidavit of Dorothy Beard clearly states that she placed the resolution with the public records of Shelby County on December 14, 1992. We do not find any

---

5. The affidavit of Ms. Beard states that the minute book approving the December 7, 1992 minutes was not filed in the clerk's office as a matter of public record until the Board's January 25, 1993 meeting.

6. We take judicial notice of the charter which was not made a part of the record on appeal. *See State ex rel. Schmittou v. City of Nashville*, 208 Tenn. 290, 345 S.W.2d 874, 878 (1961); *Johnson v. City of Jackson*, 42 Tenn.App. 296, 302 S.W.2d 355, 361 (1956).

language in the Charter to suggest that the Board could have taken subsequent action as it did at its January 25, 1993 meeting regarding the resolution to effectively alter its results. The resolution came after the Board's decision of a two-thirds vote approving the application, as required by the zoning ordinance, and was effective upon signature of the mayor on December 14, 1992, pursuant to the county charter. Consequently, we find that any Board action subsequent to this date regarding the resolution was a nullity. As the appellees' petition was not filed within sixty (60) days of December 14, 1992, we hold it time barred pursuant to T.C.A. § 27–9–102 and conclude that the trial court lacked jurisdiction to entertain a certiorari review of this matter. As a result, we find that the trial court erred in failing to grant summary judgment in favor of the appellants.

We pretermit the remaining issues in view of our decision.

The judgment of the trial court is reversed and this cause dismissed. Costs are taxed to the appellees, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.