# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

February 20, 1998

Cecil W. Crowson
Appellate Court Clerk

RESIDENTS AGAINST INDUSTRIAL )
LANDFILL EXPANSION, INC., )
)
    Plaintiff/Appellant, )
)   Davidson Chancery
VS. )   No. 94-352-II
)
TENNESSEE DEPARTMENT OF )   Appeal No.
ENVIRONMENT AND CONSERVATION )   01A01-9507-CH-00311
and DIVERSIFIED SYSTEMS, INC., )
)
    Defendants/Appellees. )

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE C. ALLEN HIGH, CHANCELLOR

For Residents Against Industrial
Landfill Expansion, Inc.:

Gary A. Davis
Knoxville, Tennessee

For the Dept. of Environment
and Conservation:

John Knox Walkup
Attorney General and Reporter

Barry Turner
Deputy Attorney General

For Diversified Systems, Inc.:

R. Louis Crossley, Jr.
Knoxville, Tennessee

# WRIT DISMISSED and REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a dispute over a decision by the Tennessee Department of Environment and Conservation to grant a solid waste disposal permit to expand an existing industrial waste landfill in McMinn County. A nonprofit corporation whose members reside near the landfill filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County challenging the permitting decision, and the Department moved to dismiss the petition on the ground that it was not timely. The trial court declined to dismiss the petition but also declined to set aside the Department's decision to grant the permit. On this appeal, the opponents of the landfill expansion take issue with the permitting procedures and with the evidentiary foundation of the Department's decision, and the Department asserts that the petition should have been dismissed because it was not timely filed. Since we have determined that the landfill's opponents did not timely file their petition, we reverse the order denying the motion to dismiss without addressing the opponents' substantive challenges to the Department's permitting decision.

## I.

In 1981, Seaton Iron and Metal began operating the Mine Road Landfill near Athens on property that was originally a barite mine. Diversified Systems, Inc. ("DSI") acquired the landfill in 1983 and continued to receive and process industrial waste at the site. In January 1990, DSI applied to the Tennessee Department of Environment and Conservation for a permit to expand the landfill and to receive any type of non-hazardous solid waste. Ten months later the Department concluded that DSI's application was complete, and on March 14, 1991, the Department publicly announced its tentative decision to grant DSI's permit application. Thereafter, the Department issued a notice of a public hearing as well as a notice of the commencement of a written comment period.

In April 1991, a number of persons residing in the vicinity of the Mine Road Landfill organized a nonprofit membership corporation called Residents Against Industrial Landfill Expansion, Inc. ("R.A.I.L.E.") to oppose SDI's application for an

expansion permit.[1]  On May 1, 1991, Katherine Warner, acting on R.A.I.L.E.'s behalf, notified the Department that the group had retained a lawyer and requested that the public comment period be extended sixty days beyond the public hearing in order to enable their lawyer to "prepare his case."  Three weeks later, the Commissioner of Environment and Conservation informed Ms. Warner that the Department would accept public comment for seven days after the public hearing.

The Department held a public hearing on DSI's application on May 28, 1991 at the McMinn County Courthouse in Athens.  The staff of the Department's Solid Waste Management Division presented its assessment of DSI's proposed expansion and permitted the persons attending the meeting to inspect the plans for the expansion.  The persons attending the meeting also were provided an opportunity to present both written and oral comments.  Members of R.A.I.L.E. and R.A.I.L.E.'s lawyer submitted comments at the public hearing, and June 29, 1991, R.A.I.L.E. submitted supplemental written comments critical of the proposed landfill expansion.

On September 20, 1991, R.A.I.L.E.'s lawyer formally requested the Department to deny DSI's expansion permit in accordance with a recently enacted amendment to the Tennessee Solid Waste Disposal Act empowering the Commissioner to refuse to issue permits to persons whose "past performance in this or related waste management fields . . . indicates a pattern of performance incompatible with assuring protection of the public health, safety, and environment of the region" (referred to by the parties and the trial court as the "bad actor" provision).[2]  The Department developed disclosure statements to implement this amendment, and DSI and its principals submitted their disclosure statements to the Department in April 1993.

In the meantime, the Department continued its technical review of DSI's permit application in light of its own findings and the comments received during the public hearing and the public comment period.  In November 1991, the Department directed

---

[1]R.A.I.L.E.'s opposition to DSI's application for a permit eventually prompted DSI to file suit against R.A.I.L.E. for conspiring to injure and destroy its business.  The trial court dismissed DSI's complaint; however, this court reversed the trial court because it had also denied DSI's motion to amend its complaint before granting R.A.I.L.E.'s motion to dismiss. *See Diversified Sys., Inc. v. Residents Against Industrial Landfill Expansion*, App. No. 03A01-9310-CV-00348, 1994 WL 66651 (Tenn. Ct. App. Mar. 7, 1994) (No Tenn. R. App. P. 11 application filed).

[2]*See* Act of May 20, 1991, ch. 451, § 20, 1991 Tenn. Pub. Acts 731, 743, now codified as amended at Tenn. Code Ann. § 68-211-106(h) (1996).  This provision became effective on July 1, 1991.

DSI to redesign the expansion area because it contained four sinkholes, and in August 1992, the Department directed DSI to prepare a new hydrogeologic report. The Department tentatively determined that DSI's revised plans were "permittable" as long as DSI designed and installed a composite liner with a geomembrane component. Accordingly, the Department issued a notice that a second public hearing concerning the expansion of the Mine Road Landfill would he held on July 29, 1993 at the McMinn County High School cafeteria. Members of R.A.I.L.E. and R.A.I.L.E.'s lawyer participated in the hearing and submitted additional written comments raising numerous questions about DSI's application.

The Department eventually decided to grant DSI's permit application. On December 2, 1993, the Director of the Division of Solid Waste Management informed R.A.I.L.E.'s president by telephone that the Department intended to issue the permit the next day, and R.A.I.L.E.'s president passed this information on to R.A.I.L.E.'s members that evening. The Department formally issued the permit on December 3, 1993 and sent written notice of its action to DSI by facsimile transmission and overnight mail. On the same day, it notified R.A.I.L.E.'s president by telephone of its decision and also mailed R.A.I.L.E.'s president a memorandum transmitting copies of both its letter to DSI and the permit itself. On December 14, 1993, the Department sent notice of its decision to grant the permit to all other persons who had requested notice of the Department's decision during the May 1991 and July 1993 public hearings.

On February 3, 1994, R.A.I.L.E. filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County challenging the Department's decision to issue DSI's permit. Both the Department and DSI moved to dismiss the petition because it was not filed within sixty days after the issuance of the permit as required by Tenn. Code Ann. § 27-9-102 (1980). The trial court denied the motion, reasoning that the time for seeking judicial review began to run on December 14, 1993 when the Department notified the public of its permitting decision rather than on December 3, 1993 when the Department issued the permit and notified DSI and R.A.I.L.E. of its decision.

The trial court filed a memorandum and order in February 1995 upholding the Department's decision to issue the permit for the expansion of the Mine Road

Landfill. Specifically, the trial court concluded that the Department properly implemented the "bad actor" provision with regard to DSI, that the stream buffer zone requirements did not apply to DSI's application, and that the record contained material evidence supporting the Department's decisions that DSI was not a "bad actor" and that DSI's proposed expansion will meet the geographic buffer standards imposed by the solid waste disposal regulations.

## II.

The pivotal issue on this appeal relates to the timeliness of R.A.I.L.E.'s petition for common-law writ of certiorari. Tenn. Code Ann. § 27-9-102 requires these petitions to be filed "within sixty (60) days from the entry of the order or judgment." Failure to comply with this requirement results in the order or judgment becoming final and deprives the courts of jurisdiction. *See Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984); *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885, 886-87 (Tenn. Ct. App. 1976). Thus, complying with Tenn. Code Ann. § 27-9-102 is mandatory and jurisdictional. *See Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994).

The Department issued DSI's permit on December 3, 1993. On the same day, it notified the R.A.I.L.E.'s president of its decision by telephone and mailed him a copy of the permit that stated on its face that it had been issued on December 3, 1993. On December 14, 1993, the Department mailed a "Notice of Final Permit Decision" to all the persons who had requested notification of the Department's decision. R.A.I.L.E. filed its petition for common-law writ of certiorari on February 3, 1995, sixty-two days after the date the permit was issued and fifty-one days after the notices of final decision were mailed.

Not surprisingly, R.A.I.L.E. asserts that the time for filing a common-law writ of certiorari should begin to run on the date that the Department mailed the notice of final decision. In support of its assertion, it relies on Tenn. Comp. R. & Regs. r. 1200-1-7-.02(3)(i)(2) (1990) stating that "[a] final permit decision shall become effective upon the date of the service of notice of the decision unless a later date is specified in the decision." R.A.I.L.E.'s reliance on this rule is misplaced because it

overlooks the significant distinction between the date the decision is issued and the date the decision takes effect.

Another panel of this court rejected a similar argument with regard to a petition for common-law writ of certiorari filed by a group of citizens seeking judicial review of a resolution granting a special use permit for a sand and gravel excavating business. The Shelby County Board of Commissioners approved the resolution at its December 7, 1992 meeting, and on December 14, 1992, the mayor signed the resolution, and the county clerk placed the resolution with the county's public records. On January 25, 1993, the Board declined to reconsider its earlier decision, and the citizens group filed its petition for common-law writ of certiorari on February 23, 1993. In response to the Board's motion to dismiss based on Tenn. Code Ann. § 27-9-102, the citizens group argued that the Board resolution had not been "entered" until January 25, 1993. The trial court agreed with the citizens group; however, this court reversed, finding that the resolution had been entered on December 14, 1992 when the county clerk filed it with the county's public records. *See Brannon v. County of Shelby*, 900 S.W.2d 30, 33-34 (Tenn. Ct. App. 1994).

The *Brannon v. County of Shelby* decision clearly points out that the time for filing a common-law writ of certiorari is measured from the date of the entry of the order for which judicial review is sought. Under the facts of this case, the Department's order was entered on December 3, 1993, when it was issued by the director of the Division of Solid Waste Management, placed with the Department's official records, and mailed to the applicant and other interested parties. Nothing in this record indicates that the permit issued on December 3, 1993 was not the Department's final permit decision.

R.A.I.L.E. points out that the permit did not become effective on December 3, 1993 because the Department had not yet notified each person who had "submitted a written request for notice of the final permit decision" in accordance with Tenn. Comp. R. & Regs. r. 1200-1-7-.02(3)(i)(1). While this is undoubtedly correct, neither the Tennessee Solid Waste Disposal Act, the Department's regulations, nor any other applicable law requires that these dates be the same. In fact, Tenn. Comp. R. & Regs. r. 1200-1-7-.02(3)(i)(2) contemplates the possibility that permits may very well

become effective after the date they are issued or the date of the mailing of the notice required by Tenn. Comp. R. & Regs. r. 1200-1-7-.02(3)(i)(1).

R.A.I.L.E. also argues that it is bad policy not to equate the issuing date of a final permit decision with the date of the notice of the decision because any other interpretation of the rule would enable the Department to defeat judicial review of its decisions by "issuing" permits and then delaying giving notice of its decision until the time for seeking judicial review has expired. We need not address this hypothetical question here because it is undisputed that R.A.I.L.E. received actual notice of the Department's action on the day that the permit was issued and that the Department mailed R.A.I.L.E. a copy of the permit on the very day it was issued.

It should be evident to every administrative agency that the courts will not permit them to evade judicial review of their decisions through some artifice or procedural legerdemain. While it would have been preferable for the Department to mail the notices to the persons requesting notice of its final decision on the same day it issued the permit, the procedure actually followed by the Department did not materially interfere with R.A.I.L.E.'s or any other party's opportunity to seek judicial review of its decision to grant DSI a permit to expand the Mine Road Landfill.

Accordingly, we find that the trial court erred by denying the Department's and DSI's motion to dismiss R.A.I.L.E.'s petition for common-law writ of certiorari. Because we have decided this case on controlling procedural grounds, we do not address R.A.I.L.E.'s issues concerning the procedural soundness of the Department's permitting process, the Department's implementation of the "bad actor" provisions, or the adequacy of the evidentiary support for the Department's decision.

### III.

We reverse the order denying the Department's and SDI's motion to dismiss Residents Against Industrial Landfill Expansion, Inc.'s petition for common-law writ of certiorari and remand the case for the purpose of entering an order dismissing the petition. We also tax the costs of this appeal to R.A.I.L.E. and its surety for which execution, if necessary may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE