# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 1, 2013

## STATE OF TENNESSEE v. GARY D. JONES

### Direct Appeal from the Circuit Court for Henderson County
### No. 12096-2     Donald Allen, Judge

---

### No. W2012-02182-CCA-R3-CD  - Filed November 14, 2013

---

The appellant, Gary D. Jones, pled guilty in the Henderson County Circuit Court to theft of property valued more than $500 but less than $1,000; felony evading arrest; driving on a cancelled, suspended, or revoked license; and leaving the scene of an accident involving property damage greater than $400. After a sentencing hearing, the trial court sentenced him to an effective four-year sentence to be served in confinement. On appeal, the appellant contends that his effective sentence is excessive. Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, PJ., and JERRY L. SMITH, J., joined.

Hewitt Chatman, Jackson, Tennessee, for the appellant, Gary D. Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Jerry Woodall, District Attorney General; and Angela Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In August 2012, the appellant entered guilty pleas to theft of property valued $1,000 or more, a Class D felony; evading arrest, a Class E felony; driving on a cancelled, suspended, or revoked license, a Class B misdemeanor; and leaving the scene of an accident involving property damage greater than $400, a Class C misdemeanor. At the appellant's

guilty plea hearing, the State gave the following factual account of the crimes:

> [T]he State would show at trial in this matter that on November the 13th of 2011 that the defendant in this case did operate a motor vehicle without having a valid license while his license [was] revoked or suspended in Henderson County, Tennessee. On that same date, he failed to remain at an accident which resulted in property damages to exceed $400 and then he [] intentionally did flee officers after having received a signal from the officers to bring the motor vehicle to a stop. At the time that the officers stopped him, it was discovered that the vehicle . . . Mr. Jones was in was stolen and therefore he did exercise control over property over the value of $1000 without the effective consent of the owner.

The trial court was to determine the length and manner of service of the appellant's sentences after a sentencing hearing.

At the sentencing hearing, the State did not present any witnesses but introduced the appellant's presentence report into evidence. According to the report, the then twenty-nine-year-old appellant dropped out of high school after the eleventh grade. Although the appellant claimed in the report that he obtained his GED in 2010 and attended Nashville State Community College, the investigating officer did not verify those claims. In the report, the appellant described his mental health as "good" and said he did not suffer from any health problems. He described himself as a "social drinker" but said he began using crack cocaine at age twenty-nine and last used cocaine in the month prior to the sentencing hearing. The report shows that although the appellant had been working as a general laborer since 2011, he was unemployed at the time of the hearing. According to the report, the appellant had two prior convictions for driving on an suspended license, two prior convictions for disobeying a stop signal, and one prior conviction for driving without a license.

The appellant did not present any witnesses at the hearing but made the following statement in his own behalf:

> I would just like to ask the Court to have mercy upon me. It's been a year since the incident occurred and I've been a good citizen and I'm also at college now. I am still seeking work and I have learned my lesson and that's basically it. That's all I wanted to say to the Court and that's the God given truth.

Defense counsel advised the court that the appellant's "prior record is not bad at all," that the appellant wanted to complete his education and obtain employment, and that "my conversation with him clearly indicates he is remorseful about what happened." Counsel stated that the appellant "clearly indicated to me that he was trying to stop the vehicle but he couldn't control it" and that the appellant "was not aware that the vehicle was stolen at the time." Defense counsel requested that the trial court consider judicial diversion or probation for the appellant. The State advised the court that it would not agree to judicial diversion due to the nature of the charges. Specifically, the appellant led police officers on an eight-mile chase with speeds reaching ninety-five miles per hour. The State recommended that the appellant receive an effective three-year sentence with the trial court to decide "whether split confinement or probation of some type is appropriate."

During the hearing, the trial court asked the appellant, "If I have you drug tested today, what's it going to show?" The appellant answered, "I'm not really sure, Your Honor . . . . I didn't think I would be drug tested." The court took a brief recess in order for the appellant to submit a urine sample for the test. When the hearing resumed, the tester advised the court that the appellant "can't go." The appellant explained, "Yeah. I used the bathroom right before we started." The appellant told the court that he last used drugs "a month or so ago," and he acknowledged that he had used crack cocaine within the last thirty days.

The trial court found that enhancement factor (1), that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range," applied to his convictions due to his admitted drug use and prior convictions. Tenn. Code Ann. § 40-35-114(1). The trial court also applied enhancement factor (3), that the offenses involved more than one victim, on the basis that the theft conviction involved one victim while the owner of the car struck by the appellant for his conviction of leaving the scene of an accident constituted a second victim. See Tenn. Code Ann. § 40-35-114(3). Finally, the trial court applied enhancement factor (13)(A), that the appellant was released on bail at the time he committed the felonies. See Tenn. Code Ann. § 40-35-114(13)(A). The court gave all of the factors great weight. The trial court did not apply any mitigating factors, determined that the appellant was not a candidate for judicial diversion, and sentenced him as a Range I, standard offender to four years for the theft conviction and two years for the evading arrest conviction, the maximum punishments in the ranges for Class D and E felonies. See Tenn. Code Ann. § 40-35-112(a)(4), (5). The trial court sentenced the appellant to six months to be served at seventy-five percent for driving on a revoked license and thirty days to be served at seventy-five percent for leaving the scene of an accident. The trial court noted that the appellant committed some of the offenses for his prior convictions within days of the offenses in this case and ordered that he serve the sentences in this case concurrently and in confinement.

Upon hearing that he would have to serve the sentences in the Tennessee Department of Correction, the appellant stated as follows:

> This is bullsh[**]. This is bullsh[**]. This is fu[**]ing bullsh[**]. I've never been in jail in my life. This is bullsh[**]. Are you serious? This is bullsh[**], man. You ain't nothing but a fu[**]ing racist, man. I ain't never been to jail. I ain't got no criminal record, man. You are sending me to jail? All of these people come in here for drugs and sh[**]? I admitted my problems.

## II. Analysis

The appellant contends that his effective four-year sentence is excessive because the trial court failed to consider his remorse and voluntary admission of guilt as mitigating factors and that this court should "reduce the amount of the sentence [he] is required to serve." The State argues that his sentence is not excessive. We agree with the State.

Previously, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). However, in State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012), our supreme court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" In determining a defendant's sentence, the trial court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each

felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should also consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; Bise, 380 S.W.3d at 698 n.32. "[A] trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008). In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. "[A]ppellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence." Id. at 345-46. "[They are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

We note that two of the appellant's convictions involved misdemeanors. In misdemeanor sentencing, the "trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." Id. Thus, the trial court is afforded considerable latitude in misdemeanor sentencing. See State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). The trial court retains the authority to place a defendant on probation immediately or after a time of confinement. See Tenn. Code Ann. § 40-35-302(a). In sentencing a misdemeanor defendant, the trial court must fix a percentage of the sentence, not to exceed seventy-five percent, that the defendant must serve in confinement before being eligible for release into rehabilitative programs. See Tenn. Code Ann. § 40-35-302(d).

Turning to the instant case, the appellant contends that his effective sentence is excessive because the trial court failed to consider his remorse and voluntary admission of guilt as mitigating factors. Regarding the appellant's remorse, this court has stated that a defendant's remorse can be considered a mitigating factor. See State v. Buttrey, 756 S.W.2d 718, 722 (Tenn. Crim. App. 1988). In this case, defense counsel advised the court that the appellant was remorseful. However, the appellant never expressed remorse in the statement

he made in his own behalf to the court. As to the appellant's claim that the trial court should have mitigated his sentences for his admission of guilt, we acknowledge that, under certain circumstances, a trial court may mitigate a defendant's sentence on that basis. See State v. Butler, 900 S.W.2d 30, 314 (Tenn. Crim App. 1994) (trial court applied admission of guilt as mitigating factor, noting that case would not have been solved if defendant had not come forward). However, in the present case, defense counsel advised the trial court that the appellant claimed he could not stop the car and was unaware the car was stolen. We do not equate those claims to an admission of guilt. Therefore, the trial court did not err by not applying either mitigating factor.

We note that the trial court misapplied enhancement factor (3), that the offenses involved more than one victim. The trial court found that factor applicable, reasoning that the felony theft involved one victim while the owner of the car involved in the appellant's conviction for leaving the scene of an accident constituted a second victim. However, as this court has stated, "the multiple victim factor is not applicable when separate convictions are based upon the existence of the separate victims." State v. Kerry D. Hewson, No. M2004-02117-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 1075, at *19 (Nashville, Sept. 28, 2005). Given that the appellant pled guilty to the separate convictions of felony theft and leaving the scene of an accident, the trial court could not apply enhancement factor (3) to the sentences. In any event, the trial court properly applied the remaining two enhancement factors and gave those factors great weight. Therefore, the appellant's effective four-year sentence is not excessive.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-6-