# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 20, 2020 Session

## MANCHESTER HOTEL HOSPITALITY, LLC ET AL. v. CITY OF MANCHESTER, TENNESSEE ET AL.

**Appeal from the Chancery Court for Coffee County**
**No. 2018-CV-375      Vanessa Jackson, Judge**

___

### No. M2019-02061-COA-R3-CV

___

A city board of zoning appeals granted a variance request on September 17, 2018, and the city codes director checked a box on the variance application indicating that the request was approved. At its next meeting, on October 15, 2018, the board approved the minutes from its September 17, 2018 meeting. Two companies that opposed the variance filed a sworn petition for writ of certiorari on December 5, 2018, and the defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Tenn. Code Ann. § 27-9-102, a statute providing that such actions must be filed within sixty days of the entry of the board decision. The trial court granted the defendants' motion to dismiss. Because we have determined that, under the facts of this case, the board's decision was not entered until the approval of the minutes at the October 15, 2018 board meeting, we conclude that the petition for certiorari was timely filed. We, therefore, reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Taylor Daniel Forrester and Garrett P. Swartwood, Knoxville, Tennessee, for the appellants, Manchester Hotel Hospitality, LLC, Manchester Hotel Partners, LLC, and Trason Elm, LLC.

Gerald Leighton Ewell, Jr., Tullahoma, Tennessee, for the appellees, City of Manchester, Tennessee and Manchester Board of Zoning Appeals.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Blue Ocean, G.P., submitted a variance request to the City of Manchester with respect to commercial property on Hospitality Boulevard in Manchester. Manchester Hotel Hospitality, LLC ("Manchester Hotel") and Trason Elm, LLC[1] ("Trason Elm") (collectively, "the plaintiffs") opposed the request. At a board of zoning appeals ("BZA") meeting on September 17, 2018, the board voted to grant the variance, and the city codes director placed a check mark on the variance application form in the box for "approval." The BZA approved the minutes of the September 17, 2018 meeting at its meeting on October 15, 2018.

On November 16, 2018, the plaintiffs filed a petition for writ of certiorari in chancery court against the City of Manchester, the BZA, and all of the individual members of the BZA seeking to have the board's decision overturned. The plaintiffs filed an amended petition with a sworn verification on December 5, 2018. In March 2019, the defendants filed a motion to dismiss on the grounds that the original petition was not supported by oath and that the amended petition was not timely filed. With their motion, the defendants submitted an affidavit of the city codes director describing his role as custodian of variance records, his duties in marking the box indicating the BZA's decision "at the meeting or the following business day," and the codes department's issuance of building permits "from and after the meeting at which approval is obtained."

On June 25, 2019, the trial court entered an order granting the defendants' motion to dismiss based upon its determination that the BZA's decision was entered by September 18, 2018, and that the original petition was a nullity because it lacked an oath. Finding that the amended petition was not timely, the court ruled that it lacked subject matter jurisdiction. The trial court denied the plaintiffs' motion to alter or amend on October 17, 2019, and this appeal followed.

On appeal, the plaintiffs argue that the trial court erred in ruling that the sixty-day time period set forth in Tenn. Code Ann. § 27-9-102 expired before the filing of the amended petition for writ of certiorari on December 5, 2018. They further assert that the trial court erred in finding that the city codes director had the authority to enter the decision of the BZA.

---

[1] Trason Elm replaced Manchester Hotel Partners, LLC, as a co-petitioner in the amended petition.

STANDARD OF REVIEW

Our Supreme Court has explained the standard of review applicable to a motion to dismiss[2] for lack of subject matter jurisdiction:

> A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1). Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it," *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), and, therefore, should be viewed as a threshold inquiry. *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009). Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim. *See Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006); 1 Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 3:2 (2011 ed.) ("Pivnick").

> Litigants may take issue with a court's subject matter jurisdiction using either a facial challenge or a factual challenge. *See, e.g., Schutte v. Johnson*, 337 S.W.3d 767, 769-70 (Tenn. Ct. App. 2010); *Staats v. McKinnon*, 206 S.W.3d at 542. A facial challenge is a challenge to the complaint itself. *See Schutte v. Johnson*, 337 S.W.3d at 769. Thus, when a defendant asserts a facial challenge to a court's subject matter jurisdiction, the factual allegations in the plaintiff's complaint are presumed to be true. *See, e.g., Staats v. McKinnon*, 206 S.W.3d at 542-43.

> Alternatively, "[a] factual challenge denies that the court actually has subject matter jurisdiction as a matter of fact even though the complaint alleges facts tending to show jurisdiction." *Staats v. McKinnon*, 206 S.W.3d at 543. Thus, the factual challenge "attacks the facts serving as the basis for jurisdiction." *Schutte v. Johnson*, 337 S.W.3d at 770.

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445-46 (Tenn. 2012) (footnotes omitted). In their motion to dismiss, the defendants do not challenge the facts set forth in the amended complaint but assert that the complaint was not filed within sixty days of entry of the BZA decision, as required by Tenn. Code Ann. § 27-9-102. We, therefore, consider this a facial challenge to the court's subject matter jurisdiction, and the

---

[2] Pursuant to Tenn. R. Civ. P. 12.02, if, on a motion "to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." We note that the defendants in this case submitted an affidavit of the city codes director with their motion to dismiss. The affidavit is not, however, necessary to the disposition of the motion to dismiss, which presents a question of law.

determination of whether the trial court had subject matter jurisdiction is a question of law. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

ANALYSIS

The main issue presented is whether the amended petition for writ of certiorari, filed in the chancery court on December 5, 2018, complied with Tenn. Code Ann. § 27-9-102, which states, in pertinent part, that the petition must be filed "within sixty (60) days from the entry of the order or judgment." Failure to file within sixty days of entry of the administrative action deprives the trial court of subject matter jurisdiction. *Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976).

The specific issue in this case is what constitutes "entry" under Tenn. Code Ann. § 27-9-102. The defendants argue that the BZA decision was entered when the city codes director made a check mark in the box indicating "approved" on the variance application and that entry was complete on the date of the hearing, September 17, 2018. The plaintiffs assert that a check mark without a signature or a separate date is not sufficient to constitute entry of the BZA decision; they take the position that it was not until the BZA met on October 15, 2018, and approved the minutes from the September 17, 2018 meeting that the board's action in approving the variance was entered. If entry of the BZA's decision occurred on October 15, 2018, the plaintiffs' petition for certiorari filed on December 5, 2018, was timely filed.

In *Carter v. Board of Zoning Appeals of City of Nashville*, 377 S.W.2d 914, 916 (Tenn. 1964), our Supreme Court discussed the difference between the "rendition" of an order or judgment and the "entry" of an order or judgment:

> "'Rendered' means expressed or announced in a conclusive manner and with decisive effect, certainly so when at the same time notation of it is made on a judgment docket, or other more or less permanent memorandum record kept by the Judge for the purpose. 'The rendition of judgment, and the entry of judgment, are different and distinct, each from the other. The former is the act of the court, while the latter is the act of the clerk of the court. * * * To render judgment is to return or give judgment; and it cannot be said, in our opinion, that the phrase, in any of its forms, includes the idea of making a written entry or record of a judgment." [*Jackson v. Jarratt*, 165 Tenn. 76, 79, 52 S.W.2d 137, 138 (1932)].
>
> . . . The distinction between 'rendition' of judgment and 'entry' of judgment in the *Jackson* case seems to be universally recognized. The 'entry' of judgment is the ministerial act by which *enduring evidence of the judicial act of rendition of judgment* is afforded.

- 4 -

(Emphasis added). Thus, we must determine what constitutes "enduring evidence" of the BZA's rendition of its decision. The defendants point to *Advanced Sales, Inc. v. Wilson County*, No. 01-A-01-9805-CH00245, 1999 WL 336305 (Tenn. Ct. App. May 28, 1999), as being factually similar to the present case. In that case, the petitioners alleged that the BZA's decision was not entered until the date of the meeting at which the board approved the minutes of the meeting when the decision was rendered. *Advanced Sales*, 1999 WL 336305, at *1. The court found that the BZA's decision was entered on the date of the board's decision, December 20, 1996, based upon the following evidence:

> The petition itself has a section on which to show the action of the Board. That section reflects that the petition was presented to the Board on December 20, 1996, and the entry, "Relief Denied," is circled on the form. It is true that the place on the form showing how the members voted is left blank, but there is no dispute that the Board voted unanimously to deny the petition. The form is signed by the Board secretary.

*Id.*

Is the evidence in the present case comparable to that found to constitute "enduring evidence" of rendition of the BZA decision in *Advanced Sales*? As the plaintiffs point out, unlike in *Advanced Sales,* the variance request form at issue does not include the signature of the person entering the check mark indicating the board's "approval." In *Grigsby v. City of Plainview*, 194 S.W.3d 408, 412 (Tenn. Ct. App. 2005), this court discussed the requirements for entry of a board order under Tenn. Code Ann. § 27-9-102. The decision at issue in *Grigsby* was the February 20, 2003 decision of the city beer board to revoke the Grigsbys' beer permit. *Grigsby*, 194 S.W.3d at 409. The Grigsbys filed their petition for a writ of certiorari on July 3, 2003, the city filed a motion to dismiss for lack of subject matter jurisdiction under Tenn. Code Ann. § 27-9-102, and the trial court dismissed the complaint. *Id.* On appeal, the Grigsbys "argued that because the Board never actually entered an order or judgment, the sixty day time limit never began to run." *Id.* at 410. After a review of the case law, the court summarized:

> The case law beginning with the Supreme Court's decision in *Carter* certainly shows that something more than simply a vote taking place is required before a judgment or order will be considered as having been entered pursuant to Tenn. Code Ann. § 27-9-102. In *Brannon*[3] the Board's judgment was entered when the special use permit was signed by the mayor,

---

[3] *Brannon v. County of Shelby*, 900 S.W.2d 30, 31 (Tenn. Ct. App. 1994), involved the decision of a county board of commissioners to grant a special use permit. Pursuant to the county charter, a resolution of the county commissioners became effective when signed by the county mayor. *Brannon*, 900 S.W.2d at 33. Thus, the sixty-day period for filing the petition for writ of certiorari ran from the date when the resolution was signed by the mayor. *Id.* at 34.

and in *Advanced Sales* the Board's judgment was entered when the petition was marked "Relief Denied" and signed by the Board Secretary. It is this "something more" which elevates a judgment from one which has simply been rendered, to one that also has been entered. It is this "something more" which is the "enduring evidence of the judicial act of rendition of judgment . . . ." *Carter*, 377 S.W.2d at 916.

*Id.* at 413 (footnote omitted). The record in *Grigsby* did not contain proof of "'something more' in addition to the vote of the Board and, therefore, no 'enduring evidence' of the Board's rendition of judgment." *Id.* at 414.

The plaintiffs argue that this case is most similar to *McMurray Drive Area Homeowners Association v. Metropolitan Government of Nashville & Davidson County*, No. M2005-00616-COA-R3-CV, 2006 WL 1026428, at *1 (Tenn. Ct. App. Apr. 18, 2006), in which the metropolitan planning commission granted a developer's request for revision to a planned unit development at a public hearing on July 8, 2004. A planning commission administrative assistant made notes of the meeting and "recorded every motion, vote and outcome." *McMurray Drive*, 2006 WL 1026428, at *1. The planning commission approved the official minutes at its next meeting on July 22, 2004. *Id.* The homeowners' association filed a petition for writ of certiorari on September 17, 2004, the developer filed a motion for summary judgment asserting that the claim was time-barred under Tenn. Code Ann. § 27-9-102, and the trial court granted the motion. *Id.* In reversing the trial court's decision, this court stated:

Ms. Brooks' notes can hardly be said to be "enduring" as they were not even present in the record. Furthermore, in *Advanced Sales, Inc. v. Wilson County,* 1999 WL 336305, No. 01-A-01-9805-CH00245, (Tenn. Ct. App. May 28, 1999) and *Brannon v. County of Shelby,* 900 S.W.2d 30 (Tenn. Ct. App.1995), the Tennessee Court of Appeals found that the existence of an authoritative signature on a paper writing, containing a recordation of the action taken was indicative of a ministerial act sufficient to trigger the sixty-day time limitation. *Advanced Sales, Inc.,* 1999 WL 336305, at *1-2; *Brannon,* 900 S.W.2d at 34. Here, the record is void of any evidence indicating a signature on Ms. Brooks' notes by any member of the Planning Commission or anyone else. The record does include, however, the official minutes from both the July 8, 2004, and the July 22, 2004, meetings.

Unlike Ms. Brooks' notes, the typed official minutes from the July 8, 2004 [sic], were signed by both the Chairman and the Secretary of the Planning Commission. The minutes also indicated the resolution number for the revision and the specific conditions of the approval. These minutes were not presented to nor approved by the Planning Commission until the July 22, 2004, meeting. The Court finds that these official typed minutes, signed by

the Planning Commission Chairman, contain the "something more" which elevate the decision from a mere rendition of judgment to an entry of judgment, and create the "enduring evidence of the judicial act of rendition of judgment" contemplated in the *Carter* decision. *Carter,* 377 S.W.2d at 916.

*Id.* at *5; *see also Metz v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2017-00719-COA-R3-CV, 2018 WL 934649, at *5 (Tenn. Ct. App. Feb. 16, 2018).

In the present case, unlike in *Grigsby*, there is a check mark on the variance application form next to the approval box. Does this check mark alone constitute the "something more" needed to constitute "enduring evidence of the judicial act of rendition of judgment"? *Carter*, 377 S.W.2d at 916. Does this check mark "elevate[] a judgment from one which has simply been rendered, to one that also has been entered"? *Grigsby*, 194 S.W.3d at 413. We cannot answer these questions affirmatively. As in *McMurray Drive*, there is no signature indicating who made the check mark. Under the circumstances of this case, we conclude that the entry of the BZA's decision occurred when the minutes were approved on October 15, 2018.

In a proper case, as in *Advanced Sales*, a form like the variance request application at issue in this case could be used to record the entry of a BZA decision. *See also Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 378-79 (Tenn. Ct. App. 2003) (stating that warden's notation that "no due process violation noted" started time running under Tenn. Code Ann. § 27-9-102).

Because entry of the BZA decision occurred upon the approval of the meeting minutes on October 15, 2018, the petition for writ of certiorari was timely filed. In light of our resolution of the first issue, we need not address the second issue concerning the authority of the city codes director.

CONCLUSION

The judgment of the trial court is reversed and the case is remanded. Costs of appeal are taxed to the appellees, the City of Manchester and the Manchester Board of Zoning Appeals, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE